IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| ARTHUR ALAN WOLK, PHILIP BROWNDIES, AND CATHERINE MARCHAND | : | No. 1 MAP 2018 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1465 CD |
| Appellees | : | 2016, dated 4/20/17, reconsideration |
| | : | denied 6/19/17, dismissing the appeal |
| | : | from the order of the Montgomery Court |
| | : | of Common Pleas at No. 2016-01839, |
| v. | : | dated 8/29/16 and exited 8/30/16 |
| | : | |
| THE SCHOOL DISTRICT OF LOWER MERION, | : | |
| | : | |
| | : | |
| Appellant | : | ARGUED: September 26, 2018 |

**OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED: December 11, 2018**

In this civil matter, the appellant challenges the Commonwealth Court's decision to quash its appeal from a county court's order awarding an injunction. The dispute centers on whether a post-trial motion was required, or whether the appellant was entitled to proceed with an interlocutory appeal as of right under Rule of Appellate Procedure 311(a)(4).

Appellees are residents and taxpayers of Lower Merion Township, Montgomery County. In February 2016, they filed a multi-count, putative class action complaint against Appellant, the local school district ("Appellant" or the "District"), which included asserted grievances about "proliferate spending and tax increases." First Amended

Complaint in *Wolk v. Sch. Dist. of Lower Merion*, No. 16-01839 (C.P. Montgomery), at ¶18. In various counts styled under theories of law, Appellees sought money damages in excess of $55,000,000 and the appointment of a trustee to undertake the responsibilities of the school board members. *See id.*, Counts I & IV. The amended complaint also contained a count seeking equitable relief, primarily in the form of court-supervised modifications of the procedures employed by the District's administrators. *See id.*, Count V.

The District lodged preliminary objections to the amended complaint, contending that: Appellees, as the plaintiffs, had presented non-justiciable, political questions; they lacked standing; their claims were barred by the Political Subdivisions Tort Claims Act; they had failed to join indispensable parties; the amended complaint failed to state claims upon which relief could be granted; the requested relief was unconstitutional; and there was a failure to exhaust statutory and administrative remedies. Meanwhile, Appellees filed several motions, including for class certification and to serially amend the complaint.

While these matters remained pending, Appellees submitted a "Petition for Injunctive Relief" seeking "*immediate relief* because without this [c]ourt's intervention, the District will raise taxes and the bills for the same will go out July 1, 2016 to some 22,000 taxpayers." Petition for Injunctive Relief in *Wolk*, No. 16-01839, at ¶12 (emphasis added). The petition requested for the District to be enjoined from enacting any tax increase for the 2016-2017 fiscal year.

Significantly, consistent with the prayer for immediate relief, the petition reflected criteria associated with a *preliminary* injunction, including an assertion of irreparable harm to the plaintiffs. *See generally Buffalo Twp. v. Jones*, 571 Pa. 637, 644, 813 A.2d 659, 663 (2002) (explaining that "unlike a claim for a preliminary injunction, the party

need not establish either irreparable harm or [exigency] and a court 'may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law.'" (citation omitted)). Furthermore, the proposed order accompanying the petition provided for relief "[d]uring the pendency of litigation by Plaintiffs." Moreover, Appellees did not -- and obviously could not -- file a certification and pretrial statement triggering a pretrial conference, as is required by local rules for trial-ready cases (*i.e.*, those in which the pleadings are closed and discovery is complete). *See* Montgomery Cty. L.R. 212.1(d), 212.2(a)(7).[1]

In its written response, the District made clear -- consistent with the procedural posture of the case, the request for immediate relief, and the assertion of irreparable harm -- that it believed that Appellees were seeking a preliminary injunction, and the District proceeded to address Appellees' petition on such terms. *See*, *e.g.*, Defendant's Answer to Plaintiffs' Petition for Injunctive Relief at ¶1. The common pleas court proceeded to issue a "Notification of Listing for *Preliminary* Injunction," setting a "1/2 Day *Hearing*." Notification of Listing for Preliminary Injunction in *Wolk*, No. 16-01839 (emphasis added).

The court then conducted the listed hearing. At the outset, counsel for the District stated as follows:

> Your honor, the one part of the relief being requested in the
> petition can't be granted because it is requesting the school

---

[1] The requirement to file a pretrial statement, as framed in the statewide Rules of Civil Procedure, concerns *jury* trials, *see* Pa.R.C.P. Nos. 212.1, 212.2, but the note attending the rules explains that the requirement may be extended to non-jury trials by local rule. *See* Pa.R.C.P. No. 212.1, Note. Consistent with the above, such extension pertains in Montgomery County. *See* Montgomery Cty. L.R. 212.1. The Rules of Civil Procedure also authorize county courts to align the filing of pretrial statements with the close of discovery and exchange of expert reports, as is the rule in Montgomery County. *See* Pa.R.C.P. No. 212.1, Note; Montgomery Cty. L.R. 212.1(d).

district -- requesting to enjoin the school district from enacting any tax increase for fiscal year 2016/17. That actually happened last night at the school board meeting where the board adopted its final budget for the 2016/17 school year and enacted the tax increase for that budget.

That school board meeting has been advertised since December of last year as occurring on June 13th. Since December of last year, the board indicated that its intent was to adopt the tax increase of four point four percent. That's what happened last night. And as a result, the relief that's being requested can't be granted.

N.T., June 14, 2016, at 4.

In reply, Appellees' attorney criticized the District for proceeding with the tax increase in spite of the litigation and impending hearing. *See id.* at 6. Furthermore, he posited that the court still could enjoin the District from taking any further steps to implement the tax increase. *See id.* The presiding judge inquired whether Appellees were changing their request for relief, and counsel responded in the affirmative. The District lodged an objection, which the judge overruled, reasoning as follows:

As far as changing the relief requested, to me it is consistent with the initial relief requested. I don't think there's any great surprise. I think you should be prepared. I think the presentation and the defense would be the same even if it was. So we will proceed.

*Id.* at 8. The hearing proceeded, at which live testimony and documentary evidence were presented.

The District's ensuing proposed findings of fact and conclusions of law again manifested its understanding that the proceeding before the common pleas court was -- as noticed -- a hearing on a request for a *preliminary* injunction. At this stage, however, Appellees countered that "[t]he proceeding . . . was an *Injunction* Hearing, not a preliminary injunction as mis-characterized by the District." Plaintiffs' Response to Defendant's Findings of Fact and Conclusions of Law Re: Injunction Hearing in *Wolk*,

No. 16-01839 (emphasis added). Despite the pendency of multi-faceted preliminary objections, the docketed notice of a hearing about a *preliminary* injunction, and the absence of all local procedural requisites to a trial, Appellees explained that their "intent was to seek a Permanent Injunction, and the District has made a legal mistake and failed to object on cognizable grounds." *Id.* at 13. According to Appellees, "[t]he immediacy of the relief requested is established by the Defendant attempting to circumvent the Court the night before the hearing." *Id.*[2]

The common pleas court awarded relief on Appellees' petition, enjoining the District from implementing more than a 2.4 percent increase in taxes in fiscal year 2016-2017, and requiring revocation of the larger increase that had been adopted. In its "Decision/Order Sur Petition for Injunction," the court did not specifically address the dispute among the parties over whether the hearing concerned preliminary or permanent injunctive relief.

Nevertheless, the common pleas court couched its ruling in terms consistent with a permanent injunction, albeit while also recognizing that there had been no undertaking whatsoever to resolve all issues in the case. *See, e.g.*, *Wolk v. Sch. Dist. of Lower Merion*, No. 16-01839, *slip op.* at 1 (C.P. Montgomery Aug. 29, 2016) (acknowledging that unresolved "preliminary objections were argued before another Judge" two weeks previously); *id.* at 16 ("We . . . decline for the present Plaintiffs' requested relief of establishing a constructive trust in favor of taxpayers who have already paid the unlawful increase in taxes, pending determinations relating to the class-action status of

---

[2] At this stage, Appellees did not recognize that they previously had requested "immediate relief" in the petition itself, well before the time of the criticized action of the school board. Petition for Injunctive Relief in *Wolk*, No. 16-01839, at ¶12. It is readily apparent that the common pleas court merely permitted Appellees, in light of the changed circumstances, to substitute one form of immediate relief for another form of immediate relief, with the unified objective of addressing the challenged tax increase.

this litigation.").  Further, anticipating that the order might be construed as a matter arising under Rule of Civil Procedure 1531 -- *i.e.*, as imposing a preliminary (or special) injunction -- the court imposed a bond upon Appellees.  *See* Pa.R.C.P. No. 1531(b).

The District lodged an immediate appeal invoking Rule of Appellate Procedure 311(a)(4), which provides that an interlocutory appeal generally may be taken as of right from an order "that *grants* or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction[.]"  Pa.R.A.P. 311(a)(4) (emphasis added).  Appellees, in turn, moved to quash, citing Rule of Civil Procedure 227.1 and asserting that a post-trial motion was required to preserve the District's right to appeal.

Under Rule 227.1, post-trial motions must be filed within ten days after "the filing of *the decision* in the case of a trial without jury" (or notice of a nonsuit).  Pa.R.C.P. No. 227.1(c)(2) (emphasis added).[3]  The requirement to file post-trial motions postpones the finality of a case-ending decision or order that otherwise would qualify as a final order triggering a right to appeal under the final order rule embodied in Rule of Appellate Procedure 341(a).  *See generally Rae v. Pa. Funeral Dirs. Ass'n*, 602 Pa. 65, 71, 977 A.2d 1121, 1125 (2009) (discussing the policy underlying the final order rule, including the reduction of piecemeal appeals by generally deferring any appellate-court intervention until a case's conclusion); *Thomas A. Robinson Family Ltd. P'ship v. Bioni*, 178 A.3d 839, 844 (Pa. Super. 2017) (explaining that "it is the judgment [entered after the resolution of post-trial motions] that will constitute the appealable 'final order' in the

---

[3] As discussed below, Rule of Civil Procedure 1038(b) prescribes, for non-jury cases, that "[t]he decision . . . shall dispose of all claims for relief."  Pa.R.C.P. No. 1038(b) (emphasis added).  Neither Appellees' arguments in the Commonwealth Court nor the intermediate court's treatment have accounted for Rule 1038(b), which bears material relevance in our discussion below, given that the action commenced by Appellees was (and remains) at the preliminary objections stage.

case"). Appellees took the position that the District had received a "Notice for Trial," Appellees' Motion to Quash Appeal in *Wolk v. Sch. Dist. of Lower Merion*, No. 1465 CD 2016 (Pa. Cmwlth.), at ¶7,[4] that a trial had been conducted, and that a "decision" had been rendered within the contemplation of Rule 227.1, thus implicating the requirement to file a timely post-trial motion before an appeal could be taken. *See Thomas A. Robinson Family Ltd. P'ship*, 178 A.3d at 844 n.4 (explaining that the filing of a post-trial motion in a civil case preserves issues for appellate review).

The Commonwealth Court credited Appellees' argument and dismissed the District's appeal. According to the panel, pursuant to *City of Phila. v. New Life Evangelistic Church*, 114 A.3d 472 (Pa. Cmwlth. 2015), "post-trial motions must be filed within ten days following the trial court's ordering of a permanent injunction or the issues raised on appeal are waived." *Wolk v. Sch. Dist. of L. Merion*, No. 1465 C.D. 2016, *slip op.* at 9, 2017 WL 1418445, at *4 (Pa. Cmwlth. Apr. 20, 2017) (citing *id.* at 478-79). The panel explained that, in the *New Life Evangelistic Church* case, the intermediate court examined an injunction hearing to determine whether the proceeding bore trial-like attributes. Given that the aggrieved litigant was afforded the opportunity to submit evidence and cross-examine opposing witnesses, the *New Life Evangelistic Church* court had concluded that a trial was held for purposes of Rule of Civil Procedure 227.1 and that a post-trial motion was required, following the award of a permanent injunction, as a prerequisite to any appeal. *See New Life Evangelistic Church*, 114 A.3d at 478.

The *Wolk* panel found that the same circumstances pertained in this case. Significantly, the panel afforded no analysis of the concept of "the decision" under Civil

---

[4] In point of fact, as previously related, the record reflects that the District received a notice of the listing of a *hearing* on a request for a *preliminary* injunction.

Procedural Rules 227.1(c)(2) and 1038(b), *see supra* note 3, or to the effect of Rule of Appellate Procedure 311(a)(4).[5]

The District filed a petition for allowance of appeal. While this petition was pending, Appellees attempted, in the common pleas court, to withdraw the law-based counts from their amended complaint. The county court, however, found such an effort, undertaken during the pendency of an appeal proceeding, to be highly irregular and beyond its power to permit. *See* Order of April 2, 2018, in *Wolk*, No. 16-01839, at 1 n.1 ("Altering the complaint could affect the assessment of the rulings on review, and this Court has no jurisdiction to alter the record that is currently under review.").

We allowed the District's appeal to address the problematic nature of the Commonwealth Court's decisions in this case and in *New Life Evangelistic Church*.

---

[5] To the degree that the proceedings before the county court might be regarded as a preliminary-injunction hearing, and not a trial, the Commonwealth Court offered the fallback position that "[a] trial court may enter an order for a *permanent* injunction where appropriate based upon the testimony, evidence, and arguments presented at a hearing for a *preliminary* injunction." *Wolk*, No. 1465 C.D. 2016, *slip op.* at 8 n.8 (citing *Watts v. Manheim Twp. Sch. Dist.*, 84 A.3d 378, 381 (Pa. Cmwlth. 2014)) (emphasis in original). The panel, however, did not provide any insight into its conception of the range of circumstances in which such a course of action might be "appropriate," gauged against the circumstances of the present case. Significantly, moreover, other decisions of the intermediate court hold that dispensation with a final-injunction hearing is appropriate only when premised upon agreement among the litigants. *See, e.g.*, *Lindeman v. Borough of Meyersdale*, 131 A.3d 145, 151 (Pa. Cmwlth. 2015) ("[I]t is inappropriate for a court to treat a hearing for a preliminary injunction as a final hearing and as a basis for a preliminary injunction, unless the parties stipulate to the contrary." (citation omitted)).

Notably, as well, in the relied-upon decision in *Watts* -- although the common pleas court had indeed entered a permanent injunction based upon the record of a preliminary injunction -- there is no discussion of whether or not the parties agreed to this approach, and no issue was put before the appellate court concerning the propriety of doing so. A reviewing court obviously should not rely upon a bare procedural history from a prior decision as supportive authority for a controlling legal principle.

Presently, the District highlights the patent irregularities attending an ostensible "trial" on a permanent injunction conducted: on a petition seeking unspecified injunctive relief; when the court had noticed a hearing concerning a *preliminary* injunction; and while a twelve-count amended complaint, preliminary objections, and various motions remained pending before the common pleas court. The District similarly questions how any sort of "final" decision could be rendered in view of the decidedly non-final posture of the case.

The District emphasizes that, under Rule of Civil Procedure 1038(b), "*the* decision" that follows an actual non-jury trial must "dispose of all claims for relief." Pa.R.C.P. No. 1038(b) (emphasis added). Thus, the District contends, "the decision" cannot generically mean *any* decision in a case; rather, it is only *the* decision that channels the litigation directly to the final judgment ending the entire case (via a unitary post-trial motion procedure and subsequent entry of a judgment, *see Thomas A. Robinson Family Ltd. P'Ship*, 178 A.3d at 844). The District observes that the rule defining "the decision" as the ruling "dispos[ing] of all claims for relief," Pa.R.C.P. No. 1038(b), expressly dovetails with the requirement of resolution of all claims and all parties embedded in the definition of a final order under the Rules of Appellate Procedure. *See* Pa.R.A.P. 341(b).[6]

Given that Rule 227.1's requirement for the filing of post-trial motions is keyed to entry of "[t]he decision" in the case of a trial without a jury, Pa.R.C.P. No. 227.1(c)(2) -- and in the absence of a procedurally proper trial noticed as such in the first instance -- it remains the District's position that the requirement to file post-trial motions under Rule

---

[6] Implicit in the District's arguments is the perspective that the concepts of a "trial" and "the decision" are interrelated, such that a trial is the evidentiary proceeding or proceedings that address the substantive claims for relief and are the subject of "the decision" in the case ultimately disposing of all claims for relief.

of Civil Procedure 227.1 was never implicated in this case. Instead, the District maintains that it possessed the right to file an immediate, interlocutory appeal per the clear and unequivocal prescription of Rule of Appellate Procedure 311(a)(4), under which an order is generally appealable as of right when it is interlocutory and grants an injunction. *See* Pa.R.A.P. 311(a)(4).

The District also pointedly criticizes the Commonwealth Court's reliance on the *New Life Evangelistic Church* case and the concomitant focus on whether a hearing "bears the hallmarks of a trial by requiring or admitting, or . . . offering a party the opportunity to present additional evidence." *New Life Evangelistic Church*, 114 A.3d at 478 (emphasis deleted). According to the District, acceptance of such an approach would:

> wreak havoc on the orderly prosecution of civil cases. Until now, Pa.R.C.P. No. 227.1 has been thought to come into play only at the end of a case (*i.e.,* "post-trial"), in order to give the trial court a chance to survey the now-completed case, correct any errors, and, it is hoped, "avert the need for appellate review." *Bd. of Supervisors of Willistown Twp. v. Main Line Gardens, Inc.,* 155 A.3d 39, 44 (Pa. 2017). The Commonwealth Court panel, however, would require post-trial motions at what could be many different occasions during a single case, and it evidently gave no thought to whether a ruling on each of these various post-trial motions could give rise to a final order from which an appeal could be taken.

Brief for Appellant at 27 n.7.[7]

To the extent the Court would find that a trial was conducted and a material "decision" rendered, the District highlights that Rule 311(a)(4) nonetheless authorizes

---

[7] The District's concern, in these regards, are echoed by its *amici*, the American Civil Liberties Union of Pennsylvania, the Pennsylvania School Boards Association, and the Pennsylvania Defense Institute.

an interlocutory appeal as of right for injunction orders that alter the status quo and are immediately effective. *See* Pa.R.A.P. 311(a)(4)(ii). The District explains that Rule 311(a)(4)(ii) initially sets forth an exception to the general rule of immediate appealability pertaining to injunction orders that are entered "[a]fter a trial but before entry of the final order." Pa.R.A.P. 311(a)(4)(ii). The rule then limits the effect of the exception as follows:

> Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and *is effective before entry of the final order.*

*Id.* (emphasis added). *See generally Thomas A. Robinson Family Ltd. P'ship*, 178 A.3d at 847 (indicating that the "clear purpose [of Rule 311(a)(4)(ii)] is to permit an immediate appeal if an immediately-effective permanent injunction makes such a change to the status quo that the aggrieved party needs quick appellate recourse without incurring delays from post-trial proceedings in the trial court").

Appellees, for their part, maintain that the common pleas court conducted a proper trial on a request for a permanent injunction and subsequently issued a final order.[8] They offer several reasons why the many matters remaining to be decided by

---

[8] Appellees repeatedly refer to the court's "Decision/Order" as a "final order." *See, e.g.*, Brief for Appellees at 3 ("The Decision/Order of Judge Smyth is a final order, such that the Appellant cannot take an immediate appeal."). Their position, as stated, is confounding, since final orders are themselves appealable as of right under Rule of Appellate Procedure 341(a). *See* Pa.R.A.P. 341(a) (prescribing, as a general rule, that "an appeal may be taken as of right from any final order of a government unit or trial court"). Once again, as the Superior Court has explained, "it is the judgment resulting from [a Rule 227.1 motion] that will constitute the appealable 'final order' in" a case to which Rule 227.1 applies. *Thomas A. Robinson Family Ltd. P'ship*, 178 A.3d at 844. In other words, one cannot both contend that the "Decision/Order" in this case is a final order for appealability purposes and also one triggering the requirement to file a post-trial motion.

the county court -- including foundational preliminary objections -- should be deemed

irrelevant. Initially, Appellees indicate:

> Under Pennsylvania law, there are not justiciable issues between the parties until the Preliminary Objections are decided. Thus, when Judge Smyth issued his Decision/Order, the only issues between the parties were those in the Petition for Injunctive Relief.
>
> *                *                *
>
> Since Appellant filed Preliminary Objections to every Count in the Amended Complaint, and the Preliminary Objections have yet to be decided, at the time of filing *this separate proceeding* for an injunction, and even now, there is no legally cognizable legal claim left to decide between the parties.

Brief for Appellees at 24 (emphasis added). Contrary to the express ruling of the county

court, Appellees also take the position that they had successfully withdrawn the non-

equity counts from the amended complaint. *See* Brief for Appellees at 29-30 ("[T]here

are no preliminary objections that could remain, since Appellee withdrew the non-equity

counts[.]").

The notion that their petition for an injunction should be viewed separate and

apart from all other docketed submissions in the same case -- including the amended

complaint and preliminary objections -- runs throughout Appellees brief. *See, e.g.*, Brief

for Appellees at 28 ("The Amended Complaint does not even contemplate this Equity

injunction proceeding, which is a separate proceeding, and this separate Equity

action.").[9]   Appellees also fault the District for failing to clarify the nature of the

---

[9] Additionally, Appellees cite *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977), for the proposition that "if a litigant is dismissed on the equity side, but still has legal remedies on a legal counterclaim, that dismissal is appealable." Brief for Appellees at 28 (citing *id.* at 338-39, 372 A.2d at 725). That decision, however, (continued…)

proceeding. *See, e.g.*, Brief for Appellees at 35 ("The failure of the Appellant to ask for an additional trial date, to call additional witnesses or offer additional documents is, by its own conduct, an acquiescence in the proceeding being one for a permanent mandatory injunction.").

In reply to the District's argument concerning Rule of Appellate Procedure 311(a)(4)(ii), Appellees take the position that the county court did not issue an immediately effective order, because "the mandatory injunction issued was to be acted upon by the School Directors at their next regularly scheduled meeting." Brief for Appellees at 19. In other passages of their brief, however, Appellees explicitly recognize the immediacy. *See, e.g.*, *id.* at 4 ("There was nothing left for Judge Smyth to do since the illegal taxes were *immediately refundable* to the taxpayers *without more*." (emphasis added)).[10]

This case obviously manifests a great deal of procedural disorder. For example, it is difficult to apprehend that a judicial officer would undertake to issue a final and permanent injunction while a challenge to the standing of the proponent to seek judicial review remained pending. *Accord* Pa.R.C.P. No. 1028(c)(2) ("The court shall determine

---

(…continued)
predated the procedurally-related merger of law and equity in Pennsylvania, *see generally Bd. of Supervisors of Williston Twp. v. Main Line Gardens, Inc.*, 638 Pa. 323, 331-32, 155 A.3d 39, 44 (2017), and is not presently relevant to the issues presented here.

[10] There are several other such inconsistencies in Appellees' brief. For example, they assert that the proceedings they initiated were controlled by Rule of Civil Procedure 1531, *see* Brief for Appellees at 33 -- governing preliminary (or special) injunctions -- while otherwise vigorously maintaining that they consistently have pursued only a final and permanent injunction.

promptly all preliminary objections").[11]  We also reject, out of hand, Appellees'

contentions that a complaint and preliminary objections have some sort of cross-

cancelling effect relative to finality considerations, and that a petition for an injunction

filed in a pending civil action constitutes a legal or equitable proceeding separate and

distinct from the case in which the petition has been filed.  *See* Brief for Appellees at 24.

And certainly the common pleas court was correct in refusing to cognize Appellees'

attempt to produce a *post hoc* requirement to file a post-trial motion via the later

withdrawal of the many undisposed claims advanced in the amended complaint.

Despite the many irregularities, it is clear that the District's appeal was proper,

since Rule of Appellate Procedure 311 specifically authorizes an immediate

interlocutory appeal as of right from an order granting an injunction.  *See* Pa.R.A.P.

311(a)(4).  As previously noted, in certain instances the rule permits trial courts to

postpone the accrual of the right to appeal injunctions that alter the status quo until a

later stage by making an injunction effective only after the entry of a final judgment.

*See id.* at 311(a)(4)(ii).  But where, as here, there has been no such postponement, an

appeal as of right lies.[12]

We also reject Appellees' contention that the injunction issued by the county

court was not immediately effective on account of the District only being required to take

---

[11] Although the court of common pleas seemed equivocal concerning the nature of the injunction that it imposed, we reiterate that the injunction was expressed in ostensibly final terms.

[12] Appellees do not dispute the general proposition that, "[i]f an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal."  Pa.R.A.P. 311, Note; *accord Nevyas v. Morgan*, 921 A.2d 8, 13 (Pa. Super. 2007) (explaining that "it is improper to file a motion for post-trial relief when appealing pursuant to Rule 311").

action at its next meeting. *See* Brief for Appellees at 19. This argument is tenuous at best concerning the mandatory component of the injunction, since the "Decision/Order" was immediately effective on its own terms. Accordingly, the District was instantaneously under the obligation to do all that was necessary to lay the necessary foundation for a school board meeting withdrawing the adopted tax increase. And, presumably, the meeting might have occurred before any post-trial motion might have been resolved in any event. Moreover, Appellees' argument does not speak *at all* to the immediately-effective prohibitory dynamic of the injunction, which prevented the District from proceeding to implement the full tax increase. And, again, passages from Appellees' own brief recognize immediate effects of the injunction. *See, e.g.*, Brief for Appellees at 4 ("There was nothing left for Judge Smyth to do since the illegal taxes were *immediately refundable* to the taxpayers *without more*." (emphasis added)).

In response to the rationale of the Commonwealth Court, premised on the *New Life Evangelistic Church* decision, we believe that better clarity can be achieved, relative to non-jury matters, by focusing, in the first instance, on the stage of the proceedings rather than whether a trial-like proceeding may have been conducted.[13] In this regard, it is essential, as concerns a non-jury trial, that "the decision" has been issued. Pa.R.C.P. No. 227.1(c)(2) (requiring the filing of post-trial motions within ten days after "the filing of

---

[13] This Court has previously recognized the difficulty in distinguishing between the features of non-specialized hearings and non-jury trials. *See Appeal of Borough of Churchill*, 525 Pa. 80, 88, 575 A.2d 550, 554 (1990) ("[W]e are not convinced that there is much of a difference between a hearing and a trial[;] [e]vidence is presented in both proceedings and questions of law are determined."). Indeed, the concept of a hearing, as a generic term, can be read to subsume trials. *See* BLACK'S LAW DICTIONARY 836 (10th ed. 2014) (defining "hearing" as "[a] judicial session . . . held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying," and noting that the term has been used in equity practice as a synonym for trial).

*the decision* in the case of a trial without a jury" (emphasis added)). Where "the decision" in the case has not yet issued, Rule 227.1 is not implicated. And, as the District stresses, "the decision" in a non-jury case is the decision that disposes of all claims for relief. *See* Pa.R.C.P. No. 1038(b).[14]

The relevant framework of the Rules of Civil Procedure is readily applied to routine cases. More complex cases nonetheless pose some challenges in the rules' application, such as where claims are tried and/or considered in a divided fashion prior to any judgment. The Court has no intention, however, to require serial post-trial motions in such cases, and Rule 1038(b) serves to prevent just such a result in the non-jury setting. And both litigants and the courts can aid in clarifying matters by expressly

---

[14] The *New Life Evangelistic Church* panel derived its focus on the "hallmarks of trial" from this Court's decision in *Newman Development Group of Pottstown, LLC v. Genuardi's Family Markets, Inc.*, 617 Pa. 265, 52 A.3d 1233 (2012). *Genuardi's*, however, concerned a discrete "gray area," which the Court recognized is not addressed by the plain language of Rule 227.1 -- namely, proceedings on remand after vacation by an appellate court of an otherwise final order. *See id.* at 287-89, 52 A.3d at 1247-48.

In this scenario, the Court emphasized that "the civil trial rules apply again, and in full force," and implicit in *Genuardi's* is the notion that a second round of post-trial motions would be required following a *new trial* conducted in remand proceedings. *Id.* at 287, 52 A.3d at 1246-47. The Court simply determined that no such event had occurred, since the county court, on remand, relied on the preexisting record in entering a new final judgment. *See id.* at 294-95, 52 A.3d at 1251.

For present purposes, the most salient point is that the common pleas court, on remand in *Genuardi's*, concluded the entire second round of proceedings and entered a new judgment, disposing of all remaining claims. *See id.* at 273, 52 A.3d at 1238. Accordingly, the segment of Rule 1038(b) requiring disposition of "all claims for relief" was satisfied, and the focus of the decision on appeal rested on whether any trial had occurred on remand at all. By contrast, our present analysis centers on the fact that there was no attempt whatsoever by the county court, in this case, to dispose of all claims for relief, and accordingly, "[t]he decision" had and has yet to be rendered. Pa.R.C.P. No. 1038(b).

and candidly gauging their actions according to the rules' prescriptions. In this regard, to the degree that contested factual matters relevant to the determination of substantive claims must be adjudicated, there should ordinarily be a trial denominated and noticed as such.[15]

We do recognize, however, that circumstances will arise in which the need for an actual trial is obviated after a hearing or hearings that may have been initially designed to address exigencies. In such instances, when a common pleas court enters an order or opinion in a non-jury case that disposes of the last remaining claims, it should specify that the hearing(s) are then deemed to serve as the trial, explain that the present order incorporates the aspects of prior determinations that are material to the outcome, and clarify that post-trial motions are accordingly due.[16] Where there remain ambiguities

---

[15] Parenthetically, a case may also be submitted on stipulated facts, implicating treatment under Rule of Civil Procedure 1038.1, under which "[t]he practice and procedure as far as practicable shall be in accordance with the rules governing a trial without a jury." Pa.R.C.P. No. 1038.1.

[16] When a permanent injunction is issued on "petition" -- as opposed to being grounded on a complaint that has proceeded through the ordinary progression prescribed by the Civil Procedural Rules -- the court and all parties must recognize that the proceedings have departed from the ordinary contemplation of those rules. Accordingly, special care is required to achieve reconciliation with other aspects of the rules.

Indeed, an explanatory approach would have been very beneficial in the *New Life Evangelistic Church* case, since there was a much greater overlap -- in that case as compared to the present one -- between the filing of the petitions for injunctive relief and the form of relief requested in the complaint. Thus, it is unclear from the decisions of the intermediate and county courts whether a case-ending order was intended in conjunction with the award of a permanent injunction upon the petition filed in that case. Accordingly, it would appear that the aggrieved litigant may have been understandably uncertain as to the effect of the court's determination in terms of whether or not "the decision" disposing of all claims had been rendered in the case. Pa.R.C.P. No. 1038(b).

In any event, we also caution that the *New Life Evangelistic Church* panel afforded no consideration to Rule of Appellate Procedure 311(a)(4)(ii)'s authorization of an appeal (continued…)

that are not addressed by such an opinion or order, the Civil Procedural Rules themselves, or "clear decisional law," the rules are not to be applied to the detriment of the litigants' substantive rights and entitlements, including the right to appeal. *Genuardi's*, 617 Pa. at 288, 52 A.3d at 1247 ("To warrant the heavy consequence of waiver, in a rules schemata designed to 'secure the just, speedy and inexpensive determination' of disputes, the applicability of [Rule 227.1] should be apparent upon its face or, failing that, in clear decisional law construing the Rule." (quoting Pa.R.C.P. No. 126)).

As previously explained, however, the present case is not so difficult. Here, the common pleas court simply did not dispose of all claims for relief in its "Decision/Order"; therefore, "the decision" of the case was not rendered for purposes of Rule 227.1, and no post-trial motions were implicated under that rule. Rather, as discussed, the District enjoyed the right to lodge an interlocutory appeal as of right under Rule of Appellate Procedure 311(a)(4).[17]

The above analysis addresses two of the three questions presented in the order allowing the present appeal. *See Wolk v. Sch. Dist. of Lower Merion*, ___ Pa. ___, 178 A.3d 1289 (Pa. 2018) (*per curiam*). The final issue concerns whether a court can

_____

(…continued)

as of right from an immediately-effective, status-quo-altering injunction. *See* Pa.R.A.P. 311(a)(4)(ii). In this regard, to the extent that a county court wishes to litigate post-trial motions before an as-of-right appeal may be lodged to challenge such an injunction, the court also must postpone the effectiveness of its order until after such motions are resolved and a final order is entered. *See id.* To the extent that *New Life Evangelistic Church* suggests to the contrary, the decision is hereby disapproved.

[17] As the Superior Court has aptly related, one "clear purpose [of Rule 311(a)(4)(ii)] is to permit an immediate appeal if an immediately-effective permanent injunction makes such a change to the status quo that the aggrieved party needs quick appellate recourse without incurring delays from post-trial proceedings in the trial court." *Thomas A. Robinson Family Ltd. P'ship*, 178 A.3d at 847.

convert a preliminary injunction hearing into a permanent injunction hearing without the consent of the parties. *See id.* We are not, at this juncture, prepared to say that a court may never do so in the absence of a stipulation, given that there may be scenarios in which a proponent of an injunction would fail to proffer any additional material evidence to be considered by the court, upon an appropriate request for such a proffer. We believe, however, that the scenarios in which an additional hearing could be obviated, in the absence of agreement, should be infrequent. And certainly, without such consensus, proper circumstances cannot arise merely from the sort of disorderliness manifested in the present case.

The order of the Commonwealth Court is reversed, and the matter is remanded for consideration of the merits of the District's interlocutory appeal filed as of right.

Justices Baer, Todd, Donohue, Dougherty, Wecht and Mundy join this opinion.