IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gun Owners of America, Inc.,      :
Gun Owners Foundation, Terrence    :
Ledwell, Laura Leonard-McBride,    :
Edward McBride, and James Sandefur   :
                                :
           v.                 :
                                :
City of Philadelphia and Mayor      :
James F. Kenney,               :    No. 1196 C.D. 2022
               Appellants    :    Argued: November 8, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge


OPINION
BY JUDGE FIZZANO CANNON                 FILED: January 18, 2024


Gun Owners of America, Inc., Gun Owners Foundation, Terrence Ledwell, Laura Leonard-McBride, Edward McBride, and James Sandefur (collectively, Gun Owners) sought an injunction to prevent enforcement of an Executive Order of the Mayor of the City of Philadelphia (City) prohibiting guns in City-owned recreational areas. The Court of Common Pleas of Philadelphia County (trial court) granted the injunction, holding that the Pennsylvania Uniform Firearms Act of 1995[1] (UFA) preempted the Executive Order. The trial court denied the City's post-trial motion. The City appeals. We vacate and remand to the trial court for further proceedings.

---

[1] 18 Pa.C.S. §§ 6101-6128.

# I. Background

In September 2022, the Mayor issued the Executive Order, which provided, in pertinent part:

> 1. **Weapons Prohibited.** No one carrying firearms or other deadly weapons[2] is permitted to enter or remain in or on any indoor or outdoor recreation premises operated by the Department of Parks and Recreation (the "Department"), including any recreation center, ballfield, court, playground, pool, tot lot, or similar facility, but excluding park trails and passive park space (collectively "City Recreation Facilities"). This Management and Operational Policy Prohibiting Firearms and Other Deadly Weapons at City Recreation Facilities (this "Policy") shall apply exclusively to the list of City-owned premises attached hereto as Exhibit A. The Commissioner of the Department may designate additional City Recreation Facilities subject to this Policy provided that an up-to-date list of all premises covered by this Policy shall be posted on the Department's publicly accessible website.

Phila. Exec. Order 4-2022 (Sept. 27, 2022).

Gun Owners commenced this action in the trial court seeking declaratory and injunctive relief to prevent enforcement of the Executive Order. They asserted that the Executive Order violates the UFA's preemption of local firearms regulations[3] and the Pennsylvania Constitution.[4]

---

[2] The challenge in this case relates only to firearms, not to other weapons addressed in the Executive Order.

[3] Section 6120(a) of the UFA provides: "No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for purposes not prohibited by the laws of this Commonwealth." 18 Pa.C.S. § 6120(a).

[4] Article I, section 21 of the Pennsylvania Constitution provides: "The right of the citizens to bear arms in defense of themselves and the State shall not be questioned." Pa. Const. art. I, § 21.

Gun Owners sought a preliminary injunction to forestall enforcement of the Executive Order during the pendency of their complaint in the trial court. The trial court accordingly scheduled an emergency hearing just three days after Gun Owners filed their complaint. At the hearing, the trial court stated that it would consider Gun Owners' motion as one for preliminary relief. Reproduced Record (RR) at 28a-29a. However, the trial court then decided to convert the hearing to one regarding permanent injunctive relief, on the basis that the case "hinge[d] purely on legal questions." *Id.* at 4a. The City objected, but the trial court nonetheless proceeded with a final injunction hearing. On October 3, 2022, the trial court entered an order granting permanent injunctive relief. This appeal by the City followed.

## II. Discussion

In its only argument relevant to our disposition of this appeal,[5] the City posits that the trial court should not have granted a permanent injunction after an emergency hearing held just days after Gun Owners filed their complaint. We agree.

The City alleges that the trial court erred[6] in conducting a final injunction hearing and granting permanent injunctive relief without allowing discovery and only days after Gun Owners filed their complaint. The City asserts

---

[5] The City also asserts two other issues. First, the City contends that the UFA preempts only attempts to regulate firearms and that the Executive Order is not doing so. Second, the City maintains that in issuing the Executive Order, it is not acting as a government entity, but as a property owner, and that it has the right to regulate conduct on its property without regard to the preemptive authority of the UFA. The City maintains that its management of its own recreational facilities is a matter of purely local concern not subject to preemption by state statute. Because we conclude that we must vacate the trial court's order on other grounds, we do not reach either of these issues.

[6] Where a lower court has issued a permanent injunction based on a determination that the party seeking the injunction established a clear right to relief as a matter of law, our standard of review of that question of law is *de novo* and our scope of review is plenary. *Big Bass Lake Cmty. Ass'n v. Warren*, 23 A.3d 619, 624 n.5 (Pa. Cmwlth. 2011) (additional citation omitted).

3

that a court may not convert a motion for a preliminary injunction into one seeking a permanent injunction unless all of the parties consent. Here, it is undisputed that the City expressly objected to converting the preliminary injunction hearing into a final injunction proceeding at such an early stage.

We agree with the City that the trial court erred by converting the preliminary injunction hearing to a final hearing on the merits of the permanent injunction in the face of the City's objection. This Court has held that a court generally may not change the nature of a preliminary injunction hearing by converting it to a permanent injunction proceeding unless all of the parties have agreed to the change. *See, e.g.*, *Big Bass Lake Cmty. Ass'n v. Warren*, 950 A.2d 1137, 1149 (Pa. Cmwlth. 2011); *New Milford Twp. v. Young*, 938 A.2d 562, 566 (Pa. Cmwlth. 2007).[7] In *Big Bass*, we observed:

> This Court has held that a court may not treat a hearing for a preliminary injunction as a final hearing and as a basis for a permanent injunction, unless the parties stipulate to the contrary . . . . As the Pennsylvania Supreme Court has explained:

---

[7] In *Wolk v. School District of Lower Merion*, 197 A.3d 730 (Pa. 2018), our Supreme Court opined:

> We are not, at this juncture, prepared to say that a court may never [convert a preliminary injunction hearing into a permanent injunction hearing] in the absence of a stipulation, given that there may be scenarios in which a proponent of an injunction would fail to proffer any additional material evidence to be considered by the court, upon an appropriate request for such a proffer. We believe, however, that the scenarios in which an additional hearing could be obviated, in the absence of agreement, should be infrequent . . . .

*Id.* at 741-42. Here, there is no indication that the trial court requested a proffer of additional material evidence by the City or that the City failed to proffer any requested evidence. Therefore, this case does not appear to constitute one of those infrequent scenarios that would justify an exception to the general rule.

4

> The mere holding of hearings with regard to a motion for a preliminary injunction does not somehow morph that motion into a request for a permanent injunction. In fact, our rules specifically contemplate that hearings may be held on requests for preliminary injunctions . . . .
>
> The trial court erred in converting the hearing on the preliminary injunction to a final hearing on the merits of the permanent injunction because it did so without a stipulation from the parties.

950 A.2d at 1149 (internal citations, quotation marks, and footnotes omitted). Gun Owners have offered no persuasive reason to distinguish this case from the applicable precedents.

Notably, the trial court's belief that Gun Owners' complaint raised purely legal questions did not allow the trial court to convert a preliminary injunction proceeding into a final injunction hearing over Gun Owners' objection. This Court recently vacated a similarly premature disposition of an injunction request that turned on a legal issue. *See Prestige Design on Germantown LLC v. City of Phila.* (Pa. Cmwlth., No. 245 C.D. 2022, filed Apr. 19, 2023).[8] In *Prestige Design*, the plaintiff filed a civil complaint seeking permanent injunctive relief and also filed a motion for a preliminary injunction. *Id.*, slip op. at 3. However, two days after the City responded to the plaintiff's preliminary injunction motion, and without any evidentiary hearing, the trial court dismissed the action on the basis that "'the entirety of the relief sought in the [c]omplaint [was] identical to the relief sought in the [m]otion [for a preliminary injunction].'" *Id.* (quoting trial court's opinion pursuant Pa. R.A.P. 1925(a)). On appeal, we vacated the dismissal, explaining that

---

[8] This unreported opinion is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

> it is inappropriate for a court to treat a hearing for a preliminary injunction as a final hearing on a request for a permanent injunction unless the parties stipulate to the contrary . . . . This is because "[i]t is . . . unfair to reach a final decision after a preliminary proceeding. A litigant may not prepare as completely as he would have had he realized that he was not going to receive a second chance to present his case."

*Id.*, slip op. at 8 (quoting *City of Chester v. Chester Redevelopment Auth.*, 686 A.2d 30, 35 (Pa. Cmwlth. 1996) (additional citation omitted)).

Here, the City points out that it had only 29 hours to file a brief in response to what the trial court later deemed a case-dispositive motion by Gun Owners. The City posits that it did not have a fair opportunity to develop its legal arguments fully. In addition, with only three days to prepare for the hearing, the City insists that it was unable to present its full case, which it asserts would have "underscore[d] the Executive Order's significance as both a proprietary function and a purely local matter, as it is tied to issues of employee safety and property management. It was also key to making a record on the balancing of equities for injunctive relief." City's Br. at 37.

Specifically, with respect to balancing the equities, "[a] permanent injunction order requires the moving party below to establish that (1) the right to relief is clear; (2) the relief is necessary to prevent an injury which cannot be compensated by damages; and (3) *greater injury will occur from refusing the injunction than from granting it*." *City of Phila. v. A Kensington Joint, LLC*, 301 A.3d 988, 998 (Pa. Cmwlth. 2023) (emphasis added) (internal quotation marks omitted) (additional citation omitted). The City maintains that

> [t]he trial court's truncated procedure deprived the City of its procedural due process right to a fair and meaningful opportunity to develop its case and create a fulsome record for this appeal. By contrast, awaiting a full record and

6

> merits briefing would not have prejudiced [Gun Owners].
> The trial court could have simply entered a preliminary
> injunction requiring the City to cease enforcing the
> Executive Order during the pendency of this case.

City's Br. at 37. We agree with the City that the trial court was required to weigh evidence and balance the equities and that such a weighing process required the trial court to allow the parties sufficient time to fully prepare, develop, and present their evidence on that issue. We also agree that three days to prepare its entire case, without being allowed the benefit of any discovery or even responsive pleadings, impermissibly hampered the City's ability to present its evidence concerning the balance of the equities.

For these reasons, we vacate the trial court's order and remand this matter for further proceedings.

### III. Conclusion

Based on the foregoing discussion, the trial court's order is vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

Judge Wallace did not participate in the decision in this case.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gun Owners of America, Inc.,     :
Gun Owners Foundation, Terrence  :
Ledwell, Laura Leonard-McBride,   :
Edward McBride, and James Sandefur :
                                      :
          v.                  :
                                      :
City of Philadelphia and Mayor     :
James F. Kenney,                 :   No. 1196 C.D. 2022
                Appellants   :

## **O R D E R**


AND NOW, this 18th day of January, 2024, the order of the Court of Common Pleas of Philadelphia County (trial court) is VACATED. This matter is REMANDED to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.


_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gun Owners of America, Inc.,     :
Gun Owners Foundation, Terrence     :
Ledwell, Laura Leonard-McBride,     :
Edward McBride, and James Sandefur     :
                              :
            v.               :    No. 1196 C.D. 2022
                              :    Argued: November 8, 2023
City of Philadelphia and Mayor     :
James F. Kenney,                   :
                Appellants    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE LORI A. DUMAS, Judge

CONCURING OPINION
BY JUDGE McCULLOUGH                   FILED: January 18, 2024

      I concur in the result reached by the Majority, namely, vacating the October 3, 2022 order of the Court of Common Pleas of Philadelphia County (trial court) and remanding for further proceedings. I also concur in part with the Majority's rationale, but I write separately to clarify and emphasize what I believe is the controlling factor that mandates a remand.

      First, although it is true that the trial court scheduled a hearing on the Motion for Preliminary and Permanent Injunction (Motion) filed by Appellees Gun Owners of America, Inc., Gun Owners Foundation, Terrence Ledwell, Laura Leonard-McBride, Edward McBride, and James Sandefur (Gun Owners) only three days after Gun Owners filed it with their complaint, at no time could there have been

any mystery regarding the relief Gun Owners were seeking. The complaint, the Motion itself, all subsequent filings from the parties, and the trial court's own scheduling order clearly indicate that the parties understood that Gun Owners were seeking permanent injunctive relief. (Original Record, Document Nos. 2-4, 11, 13.) Thus, this is not a case where a trial court "converted" a request for preliminary injunctive relief into one seeking permanent relief and entered permanent relief accordingly. Rather, the request for permanent relief was before the trial court from the beginning and openly was acknowledged by all of the parties.

Second, and as the trial court pointed out, the overarching issue presented in Gun Owners' complaint and Motion was a legal one. Further "discovery" would have achieved little and would not have assisted the trial court much, if at all, in weighing the equities in favor of and against an award of permanent relief. The Executive Order at issue, its impact on the City of Philadelphia and its residents, the competing interests of the parties, and the potential harm identified by both sides are clear and need little factual development. Given this clarity and the gravity of the issue, I do not believe that a limited period of three days to prepare for a hearing would, in itself, preclude the trial court from issuing permanent relief. Instead, where such relief clearly is requested and the issue requires little factual development, I see no reason why a trial court could not entertain a request for, and, if warranted, award permanent injunctive relief even over the objection of a party. *See Wolk v. School District of Lower Merion,* 197 A.3d 730, 741-42 (Pa. 2018).

Nevertheless, where, as here, the trial court first determines on the record at the injunction hearing that only preliminary relief will be considered, and then, *after the hearing has concluded*, determines that it will apply the permanent injunction standard and award permanent relief, a remand is warranted. The trial

court clearly represented to the parties that it would consider only preliminary relief and would apply the preliminary injunction standard to the evidence presented. (Notes of Testimony (N.T.), 9/30/22, at 7, 11; Reproduced Record (R.R.) at 028a-29a.) Then, after further argument from the parties, the trial court stated that it would take the issue under advisement and indicate *in its written decision* the standard it applied. (*Id.* at 13; R.R. at 030a.) This was error and is, in my opinion, the controlling factor that constrains us to vacate and remand. Without a stipulation of the parties and without any clear indication from the trial court prior to and during the hearing regarding whether preliminary or permanent injunctive relief was being considered, the parties could not adequately present their cases. That type of "conversion" after the conclusion of an injunction hearing violates fundamental principles of due process.

Accordingly, and with these alternate emphases, I concur in the result.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Covey joins in this Concurring Opinion.