J-A08017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALLEN R. MILLER AND JANET M. MILLER FAMILY TRUST, EDWARD T. OTT, NANCY O. OTT, DAVID L. OTT, LISA R. OTT, ROBERT G. OTT, PAUL R. OTT, LORI J. OTT, AND GREGORY D. CONKLIN | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 2171 EDA 2023 |
| JAMES A. MAHAN | : : | |
| Appellant | : | |

Appeal from the Order Entered August 17, 2023
In the Court of Common Pleas of Northampton County Civil Division at
No(s): C-48-CV-2019-9512

BEFORE: BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED MARCH 11, 2024**

Appellant, James A. Mahan, appeals *pro se* from the August 17, 2023 order denying his petition for special relief and finding him in contempt of the trial court's prior orders. We quash Appellant's appeal and direct the Prothonotary to remove the above-captioned matter from the A08/24 argument panel.

The relevant facts and procedural history of this case are as follows. Appellees[1] are owners of parcels of land in Upper Mount Bethel Township,

___

[1] Appellees, who were plaintiffs before the trial court, include: Allen Miller and Janet H. Miller Family Trust ("Appellees Miller"), Edward T. Ott and Nancy O. Ott, his wife, David L. Ott and Lisa R. Ott, his wife, Robert G. Ott and Lori J. Ott, his wife ("Appellees Ott"), and Gregory Conklin ("Appellee Conklin").

Pennsylvania, which are accessible only through a private road known as Kovar Lane that traverses through Appellant's property. On October 10, 2019, Appellees filed a civil complaint against Appellant, seeking to quiet title and enforce their easement rights by enjoining Appellant from impeding access to Appellees' properties. A non-jury trial was held in September 2020. On February 10, 2021, the trial court issued its verdict which stated:

1. [Appellees] have express easements, by virtue of their chains of title, to use the roadway known as Kovar Lane, as described as Old Kovar Lane in the [trial] court's [opinion], to access their properties;

2. [Appellant] is enjoined from blocking, impeding, or in any way obstructing [Appellees'] use of Kovar Lane to access their properties;

3. [Appellant] shall restore the north-south portion of Kovar Lane to its prior condition, passable by vehicle, within ninety (90) days and at his own expense. Until then, [Appellees] may continue to use the altered footpath of Kovar Lane, described as New Kovar Lane in the [trial] court's [opinion], to access their properties;

4. [Appellant] shall restore the entrance of Kovar Lane at River Road to its prior condition within ninety (90) days at his own expense. Until then, [Appellees] may continue to use the altered entrance to Kovar Lane;

5. [Appellant] is not required to remove the gate on his property but may not close it or otherwise obstruct [Appellees'] access to Kovar Lane; and

6. [Appellees] are entitled to court costs.

Trial Court Order, 2/10/21, at 2. Appellant later discontinued an appeal from the February 10, 2021 order.

Thereafter, on May 6, 2021, Appellees filed a petition for contempt against Appellant. In particular, Appellees claimed Appellant failed to comply with the trial court's February 10, 2021 order by:

> (1) failing to restore the "soft" curve of Old Kover Lane, (2) failing to restore Old Kover Lane to its original passable condition, (3) closing the gate and preventing [Appellees] from accessing New Kover Lane, (4) moving the original footprint of Old Kover Lane, and (5) placing boulders in the middle of Old Kover Lane north of where New Kover Lane ends.

Trial Court Opinion, 8/17/23 at 4.

Ultimately, on March 25, 2022, the trial court found Appellant in civil contempt and ordered that, within 90 days, he pay $10,000.00 each to Appellees Miller, Appellees Ott, and Appellee Conkling. *Id.* The order also set forth the following purge condition:

> [Appellant] may purge himself of the contempt and sanctions by conveying express easements to [Appellees] from River Road over the new bridge entrance to Old Kovar Lane, over Old Kovar Lane to New Kovar Lane, and over New Kovar Lane to where Old Kovar Lane ends, ... to access their properties. Said easements must contain a metes and bounds description, in recordable form, at [Appellant's] expense. Alternatively, [Appellant] may purge himself of the contempt and sanctions by hiring, at his own expense, a third-party contractor, chosen by [Appellees], to bring Old Kovar Lane into compliance with the [trial] court's [o]rder of February 10, 2021, within thirty (30) days.

*Id.* at 4-5. Lastly, the order stated that Appellant must "fully comply with the [trial] court's February 10, 2021 order" and:

> 1. Reinstall the soft curve at the portion of Old Kovar Lane where [Appellees] are required to make a left-hand turn from River Road;

- 3 -

2. Restore Old Kovar Lane to its original condition;

3. Permit [Appellees] to use New Kovar Lane until easements have been conveyed, the restoration has been completed to [Appellees'] satisfaction, or pending further order of court;

4. [P]ay [Appellees] the sum of $3,717.00 for attorney's fees within thirty (30) days;

5. [R]emove the gate he installed on the east-west section of Old Kovar Lane just before the left turn onto New Kovar Lane within thirty (30) days; and

6. Within fourteen (14) days, . . . remove all boulders and rocks placed on or adjacent to Old Kovar Lane since February 10, 2021.

*Id.* The trial court's March 25, 2022 order was subsequently affirmed by this Court. *Miller v. Mahan*, 2022 WL 7298003 *1 (Pa. Super. 2022) (non-precedential decision).

On April 5, 2022, Appellees filed a second contempt petition against Appellant. In their petition, Appellees alleged that, on or about December 9, 2022, they "obtained a proposal from Grace Industries, Inc., a reputable construction contractor in Lehigh Valley[, Pennsylvania,] who provided a proposal to restore Old Kover Lane to its original condition." Appellees' Petition, 4/5/22, at ¶ 9. Appellees claimed they provided Appellant a copy of the Grace Industries Inc.'s proposal, but he "failed and refused to contract with [them]." *Id.* at ¶ 11. In addition, Appellees averred that Appellant "failed to pay the[m the] civil penalty" and "provide [them] easements." *Id.* at ¶ 12. Based upon the foregoing, Appellees claimed Appellant failed to comply with the trial court's February 10, 2021 and March 25, 2022 orders. *Id.* at ¶¶ 14-16. Subsequently, Appellant filed a petition for special relief on

May 11, 2023, as well as an amended petition on May 30, 2023. In his petition, Appellant sought 12 different forms of relief, including the following: (1) the court accept the reopening [of] the north-south portion of Kovar Lane; (2) the court prohibit Appellees from using the New Kover Lane and allow Appellant to use his gate as he sees fit; (3) the court order Appellees to deposit $3,000.00 into an escrow account for roadway maintenance; (4) the court prohibit Appellees from hindering contractors in the trimming of trees and other work needed to keep the road in repair; (5) the court order Appellees to share in the cost of fencing; (6) the court order an investigation into the "misrepresentation" by Bob Ott and Grace Industries; (7) the court order all deeds be rewritten to reflect discoveries made to correct errors of the past; (8) the court order all Appellees not to cross the Conklin E12-7-A-3/Mahan E12-7-2d border property line.

A hearing was held on Appellees' petition for contempt and Appellant's petition for special relief on August 9, 2023. On August 17, 2023, the trial court issued an order denying Appellant's petition for special relief. **See** Trial Court Order, 8/17/23, at 1-2. In addition, the trial court issued a contempt citation to Appellant and scheduled a hearing on the citation for October 23, 2023. **Id.** at 2. The trial court identified the following purge conditions to be completed by Appellant on or before October 20, 2023.

> 1. [Appellant] shall enter into and fund a contract with Grace Industries, Inc., or another contractor chosen by [Appellees], to:

a. restore the north-south portion of Old Kover Lane, as described in the [trial court's] decision and verdict filed on February 10, 2021, to its original footprint and in a condition that the contractor determines to be passable by vehicles, including, but not limited to, fire, police, and ambulance vehicles; and

b. repair, reinstall, and/or restore the soft curve at the portion of Old Kover Lane where [Appellees] are required to make a left-hand turn from east/west to north/south to a condition that the contractor determines to be passable by vehicles including, but not limited to, fire, police, and ambulance vehicle[s], without leaving the roadway while navigating the turn.

2. [Appellant] shall pay [Appellees] the sum of $21,100.00 for attorney's fees.

3. [Appellant] shall reimburse [Appellees] the sum of $521.05 for gravel.

*Id*. at 2-3. Finally, the trial court indicated that, if Appellant failed to complete the aforementioned purge conditions, and if it "determine[d] at the hearing on October 23, 2023[] that [he] willfully violated [its] prior orders entered in this case," the court would "consider imposing sanctions." *Id*. at 3. This appeal followed.

We first consider, *sua sponte*, whether we have jurisdiction over this appeal. *See Knopick v. Boyle*, 189 A.3d 432, 436 (Pa. Super. 2018). It is well-settled that

an appeal may be taken from a final order or an order certified as a final order; an interlocutory order as of right; an interlocutory order by permission; or a collateral order.

*Takosky v. Henning*, 906 A.2d 1255, 1258 (Pa. Super. 2006) (internal citations and footnotes omitted). "A final order is one that disposes of all the

parties and all the claims in a case, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination." **Id.**  A contempt order is considered final and, therefore, appealable, if it contains a finding of contempt and "imposes sanctions on the offending party." **Id.**; **see also Foulk v. Foulk**, 789 A.2d 254, 257 (Pa. Super. 2001) (*en banc*) ("This Court has held that an order finding a party in contempt for failure to comply with a prior order of court is final and appealable, if sanctions are imposed."); **Stahl v. Redcay**, 897 A.2d 478, 487 (Pa. Super. 2006) ("With regard to civil contempt, we observe: 'for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and no further court order be required before the sanctions take effect.'") (citation and emphasis omitted).  If sanctions are not imposed, a contempt order is interlocutory and not appealable.  **Takosky**, 906 A.2d at 1258.  An order granting or denying injunctive relief, on the other hand, is considered an interlocutory order appealable as of right.  **See Wolk v. Sch. Dist. of Lower Merion**, 197 A.3d 730, 739 (Pa. 2018) (explaining that Rule 311(a)(4) provides this Court with jurisdiction over an order granting an injunction).

Upon review, it is apparent that we do not have jurisdiction over the instant appeal.  Initially, we note that, while the trial court's order issued a contempt citation to Appellant, it also contemplated a subsequent hearing dedicated to determining whether Appellant violated prior orders of court and whether sanctions should be imposed.  **See** Trial Court Order, 8/17/23, at 2-3.

We therefore conclude that the trial court's August 17, 2023 contempt order was not final and appealable because the trial court did not impose sanctions upon Appellant.

We recognize, however, that the trial court's August 17, 2023 order also denied Appellant's petition for special relief and, as such, could be construed as an order denying a request for injunctive relief, which is appealable as of right. *See* Pa.R.A.P 311(a)(4). Yet, it is evident that Appellant's various requests for relief primarily concern issues previously raised, litigated, and disposed of in the trial court's February 11, 2021 and March 25, 2022 orders. We therefore conclude that, because Appellant's most recent demands simply challenge the trial court's prior substantive rulings and determinations (which have long been deemed final), the order challenged on appeal cannot be viewed as one which grants or denies injunctive relief.[2]

---

[2] The trial court originally ordered Appellant to restore the entrance of Kover Lane at River Road to its prior condition. *See* Trial Court Opinion, 8/17/23, at 3-5. In its August 17, 2023 order, the trial court vacated this portion of its prior order because, during the August 9, 2023 hearing, there was evidence presented, for the first time, that "restoring an exact version of the prior bridge entering Kover Lane from River Road would be impossible absent variances and/or other relief from government agencies and/or municipalities." *Id.* at 7. The August 17, 2023 order neither denied new requests for injunctive relief nor imposed new affirmative obligations predicated on Appellees' easement rights. Instead, the order challenged on appeal simply modified the manner by which its prior final announcement would be implemented. As such, we conclude that the trial court's modification of its prior orders does not alter our conclusion that we lack jurisdiction over this interlocutory appeal.

J-A08017-24

Based upon the foregoing, we conclude that this appeal is not properly before this Court. As such, we quash Appellant's appeal and direct the Prothonotary to remove the above-captioned matter from the A08/24 argument panel.[3]

Appeal quashed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2024

---

[3] Importantly, we note Appellant's brief filed with this court omits all of the requisite components of an appellate brief (including, particularly, a discussion of relevant issues with citation to pertinent authority). Hence, even if this Court had jurisdiction, Appellant's appeal would be subject to dismissal for failure to comply with the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 2101 (briefs "shall conform in all material respects with the requirements of the [appellate rules]" and appeals shall be subject to dismissal where defects in an appellant's brief are substantial).

- 9 -