437 A.2d 1244

**Francis FEJERDY, M.D., Appellant,**

v.

**Zorana FEJERDY a/k/a Countess Zorana-Romana Fejerdy Budai de Kide.**

Superior Court of Pennsylvania.

Argued April 6, 1981.

Filed Dec. 11, 1981.

Mary Bell Hammerman, Philadelphia, for appellant.

Neil Hurowitz, King of Prussia, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order dismissing an action for lack of prosecution. We reverse and remand for further proceedings.

On April 15, 1974, Francis Fejerdy brought an action in equity to recover property from his wife, Zorana. Since April 1974 Mr. Fejerdy has been represented by a series of attorneys, all of whom were discharged after fee disputes. As a result of these disputes, Mr. Fejerdy's case was not prosecuted. In March 1980 Mrs. Fejerdy filed a motion to dismiss the action for lack of prosecution. In response, Mr. Fejerdy engaged new counsel, who, at the time of argument on the motion, was informed that prior counsel had not applied for an extension of the 240 day rule, Montgomery County * Rule 407. On September 9, 1980, 6 days after the argument, the lower court entered an order denying Mrs. Fejerdy's motion to dismiss for lack of prosecution.

Mr. Fejerdy's counsel then filed a petition for extension of time under * Rule 407. However, on September 15, before the petition was ruled upon, the lower court, without notice to counsel, "revoked" its order of September 9 and granted Mrs. Fejerdy's motion to dismiss for lack of prosecution. The court stated in its order that " . . . the plaintiff [Mr. Fejerdy] never filed a Petition for Extension of Time, the matter was delayed too long, and therefore, the case had become dormant."

When this appeal was taken, the lower court issued an opinion in support of its September 15, 1980, order. The opinion, however, did not discuss Mr. Fejerdy's alleged fail-

ure to file a petition for extension of time. Instead, the opinion only discussed why the court believed it was proper to grant the motion to dismiss for lack of prosecution, specifically, the court said that there had been a delay in prosecution, which Mr. Fejerdy had not excused, and which had prejudiced Mrs. Fejerdy. However, the court did not explain why it had nevertheless denied the motion to dismiss on September 9, only six days before granting it. Indeed, the court did not even mention its order of September 9.

On appeal, Mr. Fejerdy raises several issues, one of which is: "Was there not a lack of due process in dismissing the case without notice to counsel of record?" Appellant's Brief at 3. Because we find that there was a lack of due process, we need not reach the other issues raised.

In *Appeal of Curry*, 390 Pa. 105, 134 A.2d 497 (1957), the Supreme Court stated, "In all judicial proceedings, actual or constructive, notice and an opportunity to be heard are essential before anyone's property can be taken from him or be converted into some other kind of property without his consent." Here, the lower court's order of September 15, 1980, deprived Mr. Fejerdy of his cause of action, and so deprived him of property, without any notice or hearing. After denying Mrs. Fejerdy's motion to dismiss the action for lack of prosecution, thereby apparently enabling Mr. Fejerdy to proceed, the court changed its mind, for reasons not apparent either from its opinion or from the record, and, without notice to the parties or any opportunity to be heard, granted the motion to dismiss.

We have considered whether we should simply reverse the lower court's order of September 15 and reinstate its order of September 9. We have concluded, however, that the fairest way to proceed is to have the matter reconsidered by the lower court *de novo*.

The order of the lower court is reversed, and the case is remanded with instructions to the lower court to conduct a hearing *de novo* on the motion to dismiss for lack of prosecution, after which the court shall make findings of fact and enter an order either granting or denying the motion. If

either party objects to that order, a new 'appeal must be taken, as may be permitted by law.