**TRI–STATE ASPHALT CORPORATION,**
Petitioner

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 3, 2005.
Decided June 1, 2005.

---

Stuart J. Moskovitz, Freehold, NJ, for petitioner.

Christopher F. Wilson, Asst. Counsel, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, FRIEDMAN, Judge, (P), and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Tri–State Asphalt Corporation (Tri–State) petitions for review of the October 7, 2004, order of the Board of Claims (Board), which granted the Department of Transportation's (DOT) motions for entry of judgment non pros and discovery sanctions against Tri–State, cancelled a scheduled pre-trial conference and hearing, and

dismissed Tri–State's complaint against DOT with prejudice. We vacate and remand.

On October 29, 1990, Tri–State filed a complaint against DOT with the Board, alleging multiple breaches of a construction contract to resurface Route 51 in Pittsburgh. After the initial complaint was filed, there was substantial docket activity in 1990 and 1991. On January 19, 1994, Tri–State filed its first set of interrogatories, and, on May 3, 1994, DOT filed its answers. For the next ten years, the Board periodically requested and received status reports on the case.[1]

On May 3, 2004, the Board, *sua sponte*, issued a scheduling order requiring that all depositions and discovery be completed by September 22, 2004, and that pre-trial statements of both parties be filed and served no later than October 1, 2004. In the order, the Board scheduled a pre-trial conference for October 8, 2004, and set the last day for filing pre-trial motions as October 15, 2004. The Board also scheduled hearings in the case for November 29, 2004, through December 17, 2004. (R.R. at 96a.)

On August 10, 2004, prior to any of the dates set forth in the Board's scheduling order, DOT filed a motion for entry of judgment non pros with the Board and served it upon Tri–State.[2] On the same day, DOT served its first set of interrogatories upon Tri–State. When DOT had not received a response to this first set of interrogatories by September 23, 2004, one day past the discovery deadline set by the Board, DOT filed a motion for discovery sanctions in support of its motion for entry of judgment non pros.[3]

On October 7, 2004, without holding a hearing, the Board granted DOT's motion for entry of judgment non pros and DOT's motion for discovery sanctions against Tri–State, cancelled the scheduled pre-trial conference and hearing in the matter and dismissed Tri–State's complaint with prejudice. Tri–State now petitions this court for review.[4]

## I. Judgment of Non Pros for Failure to Prosecute

Tri–State argues that, because the Board never held a hearing to determine whether or not DOT was prejudiced by the delay,[5] there is no evidence on the record

---

1. DOT responded to the Board's requests for status updates in February 1998 and October 1998, but did not respond to the Board's subsequent letters. Tri–State responded to the Board's requests for status updates in March 1998, October 1999, August 2000, July 2001, February 2002, September 2002, April 2003, and February 2004.

2. Tri–State filed its reply and a supporting brief on September 13, 2004.

3. Tri–State filed its reply and a supporting brief on September 29, 2004.

4. This court's scope of review of a decision of the Board is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the necessary findings of fact are supported by substantial evidence. *State Public School Building Authority v. Noble C. Quandel Com-*

*pany*, 137 Pa.Cmwlth. 252, 585 A.2d 1136 (1991). The entry of a judgment of non pros is particularly within the discretion of the trial court, here, the Board. *See County of Erie v. Peerless Heater Company*, 660 A.2d 238 (Pa.Cmwlth.1995). Thus, on appeal of the entry of a judgment of non pros, this court will not reverse the Board unless the law is overridden or misapplied, or the judgment exercised by the Board is manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *Id.*

5. To prevail on a motion for non pros for inordinate delay, the following must be shown: (1) a lack of due diligence; (2) no compelling reason for the delay; and (3) actual prejudice to the adverse party. *Jacobs v. Halloran*, 551 Pa. 350, 710 A.2d 1098 (1998).

to sustain the entry of a judgment of non pros for inordinate delay.[6] We agree.

A cause of action is property, and a person cannot be deprived of property without notice and an opportunity to be heard. 7 Standard Pennsylvania Practice 2d § 39:86 (2003) (citing *Fejerdy v. Fejerdy,* 293 Pa.Super. 138, 437 A.2d 1244 (1981)). Upon the filing of a petition for a judgment of non pros, it is essential that the person bringing the original action have notice and an opportunity to be heard.[7] *Id.* Here, the Board failed to hold a hearing on DOT's motion for entry of a judgment of non pros. Thus, there is no record containing evidence that would support a finding that DOT was prejudiced by the delay.

The Board found that DOT was prejudiced by the delay in this case because witness memories have faded, witnesses have disappeared and documents have become lost or destroyed. (Board's op. at 7) (citing *Jacobs v. Halloran,* 551 Pa. 350, 710

A.2d 1098 (1998)). In making this determination, the Board relied on an affidavit attached to DOT's motion. The affidavit of Ralph Beerbower, Assistant Construction Engineer for DOT, stated: (1) the majority of DOT's witnesses have retired; (2) the recollection of the witnesses who spoke to Beerbower about the case have faded with respect to the details of the work performed by Tri–State; (3) Beerbower attempted to gather all records relating to this case and found some contract records missing; and (4) Beerbower was told that some DOT records were destroyed in a fire. (R.R. at 183a–84a.)

First, even if the majority of DOT's witnesses have *retired,* they have not disappeared. Second, Beerbower's statement regarding what other unnamed witnesses *told him* about their fading recollections is hearsay.[8] Therefore, the statement is insufficient to support a Board finding that witness memories have faded. Third,

---

**6.** Although Tri–State also argues that the Board lacks authority under the Pennsylvania Rules of Civil Procedure to issue a judgment of non pros for failure to prosecute, we disagree. Section 1722(6) of the Commonwealth Procurement Code (Procurement Code) gives the Board authority to establish rules consistent with the Pennsylvania Rules of Civil Procedure. 62 Pa.C.S. § 1722(6). Rule 899.102(a) states, "This chapter [Chapter 899] and the Pennsylvania Rules of Civil Procedure (Pa. R.C.P.) govern all matters before the Board." BOC R.P. 899.102(a). Chapter 899 does not address the Board's entry of a judgment of non pros; thus, the Pennsylvania Rules of Civil Procedure govern that procedure. The Explanatory Comment to Pa. R.C.P. No. 230.2 states that, where there has been an inordinate delay in a case, an aggrieved party may pursue a judgment of non pros under the common law. Pa. R.C.P. No. 230.2, Explanatory Comment—2003(II)(b). Based on this comment, we conclude that the Board may enter judgments of non pros for inordinate delay under the common law.

**7.** With respect to notice, we note that, when the Board initiates proceedings to terminate a case for lack of activity under Pa. R.C.P. No. 230.2, the Board must give sixty days notice of the proposed termination. Pa. R.C.P. No. 230.2(e). When a prothonotary enters a judgment of non pros for failure to file a complaint under Pa. R.C.P. No. 1037(a), the prothonotary must give twenty days notice. Pa. R.C.P. No. 1037(a). When a tribunal terminates a matter for inactivity under Pa. R.J.A. 1901, the tribunal must provide at least thirty days written notice of an opportunity for hearing on the proposed termination. Pa. R.J.A. 1901.

**8.** Section 1722(6) of the Procurement Code requires that the Board have rules that are consistent with the Pennsylvania Rules of Evidence. Rule 801 defines "hearsay" as a statement, other than one made by the declarant, offered in evidence to prove the truth of the matter asserted. Pa. R.E. 801. Rule 802 states that hearsay is not admissible except as provided by the hearsay exceptions. Pa. R.E. 802.

Beerbower's statement about his attempt to gather all records relating to this case does not indicate whether he attempted to obtain the missing contract records from Tri–State or whether the missing records would prejudice DOT's ability to present its case. Finally, Beerbower's statement that unnamed individuals *told him* that a fire destroyed DOT records is hearsay. Therefore, the statement is not sufficient to support a finding that documents have been destroyed.

Based on the foregoing, we conclude that the Board's entry of a judgment of non pros for failure to prosecute, or inordinate delay, without holding a hearing to take admissible evidence on the matter was manifestly unreasonable.[9]

## II. Judgment of Non Pros for Discovery Violations

■ Tri–State also argues that the Board abused its discretion by entering a judgment of non pros as a discovery sanction pursuant to Pa. R.C.P. No. 4019(c). We agree.

The Pennsylvania Rules of Civil Procedure provide that, where a party fails to serve sufficient answers or objections to written interrogatories, *see* Pa. R.C.P. No. 4019(a)(1)(i), or otherwise fails to make discovery or obey an order of the Board respecting discovery, *see* Pa. R.C.P. No. 4019(a)(1)(viii), the Board, may, on motion, make "an order ... entering a judgment of non pros...." Pa. R.C.P. Nos. 4019(c)(3).

■ Whether to sanction a party for violating a discovery order and the severity of that sanction are both decisions vested within the sound discretion of the trial court, or, as here, the Board. *Jetson Direct Mail Services, Inc. v. Department of Labor and Industry, State Workmen's Insurance Fund,* 782 A.2d 631 (Pa.Cmwlth. 2001), *appeal denied* 568 Pa. 727, 797 A.2d 917 (2002). However, due to the harshness of dismissal as a sanction for a discovery violation, it is paramount that the Board carefully balance the factors in the case to insure a just result. *Id.* In this case, the Board's sanction against Tri–State does not reflect this standard.

Importantly, the Board itself did not, at any point, initiate proceedings for a judgment of non pros against Tri–State; indeed, before issuing its scheduling order, the Board seemed content with the periodic status reports, the last of which it accepted from Tri–State in February 2004.

On September 23, 2004, when DOT had not received a response to its *first set* of interrogatories *one day* after the discovery deadline set by the Board had passed, DOT filed its motion for discovery sanctions in support of its previous motion for entry of judgment non pros.[10] DOT took this action without receiving a Board order directing Tri–State to answer DOT's interrogatories, without filing a motion to com-

---

**9.** We note that, where a delay in prosecuting a case is attributable to the defendant as well as the plaintiff, the defendant has waived his or her right to a judgment of non pros. 7 Standard Pennsylvania Practice 2d § 39:98 (2003). Here, after a hearing, the Board might find that there was mutual procrastination consistent with DOT's waiver of Tri–State's delay in the proceedings.

We also note that, where a defendant takes steps in preparation for a trial on the merits, the defendant may have waived a judgment of

non pros. 7 Standard Pennsylvania Practice 2d § 39:98 (2003). Here, while DOT was seeking a judgment of non pros, DOT also was filing a pre-trial statement and its first set of interrogatories.

**10.** When DOT filed its initial motion for entry of judgment non pros on August 10, 2004, there was no issue of discovery sanctions because the discovery deadline had not yet passed.

pel Tri–State's answers, and without even sending a letter requesting Tri–State's compliance.[11] Then, on October 7, 2004, *the day before* the scheduled pre-trial conference, the Board granted DOT's motions for entry of judgment non pros and discovery sanctions against Tri–State, cancelled a scheduled pre-trial conference and hearing in the matter, and dismissed Tri–State's complaint with prejudice *without any sort of hearing on sanctions. See* Pa. R.C.P. No. 3051, Explanatory Comment—1991 (stating that a judgment of non pros entered as a discovery sanction pursuant to Rule 4019(c) "is entered only after the court has heard the parties on the record").

Under these circumstances, for the Board to dismiss Tri–State's case with prejudice mere days before the Board's *sua sponte* scheduled hearing without first holding a hearing or even issuing an order

compelling Tri–State to answer DOT's interrogatories is manifestly unreasonable.[12]

For these reasons, we vacate judgment and remand.

## O R D E R

AND NOW, this 1st day of June, 2005, the October 7, 2004, order of the Board of Claims, which granted the Department of Transportation's motions for entry of judgment non pros and discovery sanctions against Tri–State Asphalt Corporation (Tri–State) and dismissed Tri–State's complaint with prejudice, is hereby vacated, and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

11. Furthermore, Tri–State alleges that its attorney spoke with DOT's attorney several times in the month before the motion for discovery sanctions was filed, including on the afternoon of the filing of the motion, and DOT's attorney did not request answers to DOT's first set of interrogatories or otherwise mention the need for Tri–State to respond during any of these conversations.

12. Tri–State also argues that the Board's order is procedurally invalid because it was signed only by a single board member. Tri–State alleges, therefore, that the order does not represent an order of the entire Board. We disagree. In support of its argument, Tri–State cites to the Board's rules at 61 Pa.Code § 900.2 which provide that "no action of the Board will be binding unless two members *vote* in favor thereof." (Emphasis added.) However, this quotation is merely a partial citation from a section of the Board's rules that concerns the requirements of a *quorum* of the Board, taken out of context; it does not concern the issuing of orders of the Board. Section 1725(e)(1) of the Procurement Code, concerning the procedure for *decisions* of the Board, states that *"[a]fter considering the pleadings and the testimony given at the hear-*

*ing before it,* the board shall ... *under the seal of the board,* immediately notify the parties involved of the entry of a final order." 62 Pa.C.S. § 1725(e)(1) (emphasis added). The order of October 7, 2004, clearly states that "it is hereby **ORDERED, ADJUDGED** and **DECREED** *by the Board of Claims of the Commonwealth of Pennsylvania"* that DOT's motions for entry of judgment non pros and discovery sanctions are granted. (R.R. at 161a.) (Italics added.) Furthermore, the signature of the Chief Administrative Judge, the chair of the panel, appears on a line above which it states the authority "BOARD OF CLAIMS" and next to the embossed seal of the Board. This is the same format in which several previous orders of the Board were issued in this case. It is clear that the Chief Administrative Judge did not sign the order as an individual, but did so as the chair of the panel on behalf of Board and "under the seal of the board" in accordance with 62 Pa.C.S. § 1725(e)(1).

Finally, Tri–State argues that DOT does not have the "clean hands" necessary to obtain a judgment of non pros. Because of our disposition here, we need not address this argument.