IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania by
Attorney General Josh Shapiro

              v.

Vision Property Management, LLC,
VPM Holdings, LLC, Alex
Szkaradek, Antoni Szkaradek, ACM
Vision V, LLC, ACP 1, LLC, ACP 3,
LLC, Alan Investments III, LLC,
ALCA, LLC, Archway Community
Properties I, LLC, Archway
Community Properties, II, LLC,
Archway Community Properties,
III, LLC, Archway Community
Properties, IV, LLC, Avalanche
Holdings Company, LLC, AXIS,
LLC, BAT Holdings Eight, LLC,
BAT Holdings One, LLC, BAT
Holdings, LLC, BAT Holdings Two,
LLC, BAT Holdings Six, LLC, BAT
Holdings Nine, LLC, BAT Holdings,
Eight, LLC, Boom SC, LLC, DS
NEW, LLC, DSV SPV I, DSV SPV
2, DSV SPV3, Jolek, LLC, Kaja
Holdings 2, LLC, Kaja Holdings,
LLC M16S, LP, M17S, LP, Mon
Haven 14, LP, National Housing
Partners, LLC, Newbridge Capital
Funding, LLC, One Pine VIII, LLC,
PF I, LLC, PA SEVEN, LLC, Panda,
LLC, Pansy, LLC, PENNA, LLC,
REO, Rancho, LP, RV Holdings
Seven, LLC, RV Holdings Four,
LLC, RV Holdings, Three, LLC, RV
Holdings Eleven LLC, RVFM I,
LLC, RVFM II Series, LLC, RVFM
12, LLC, RVFM 13 Series, LLC,
RVFM 2, LLC, RVFM 3, LLC,
RVFM 4 Series, LLC, RVFM 5,
LLC, RVFM 6, LLC, RVFM 8,

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 1330 C.D. 2021
Argued: February 7, 2023

LLC, SP 1, LLC, VPM Realty, LLC   :
                                   :
Appeal of: Alan Investments III,   :
LLC, ALCA, LLC, Boom SC, LLC,      :
DSV SPV 1, LLC, DSV SPV 2, LLC,    :
DSV SPV 3, LLC, Kaja Holdings,     :
LLC, Kaja Holdings 2, LLC, PA      :
Seven, LLC, Penna LLC, RV          :
Holdings Two, LLC, RVFM 11         :
Series, LLC, RVFM 13 Series, LLC   :
and RVFM 4 Series, LLC             :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                         FILED:  April 11, 2023


Alan Investments III, LLC; ALCA, LLC; Boom SC, LLC; DSV SPV 1, LLC; DSV SPV 2, LLC; DSV SPV 3, LLC; Kaja Holdings 2, LLC; Kaja Holdings, LLC; PA Seven, LLC; Penna, LLC; RV Holdings Two, LLC; RVFM 11 Series, LLC; RVFM 13 Series, LLC; and RVFM 4 Series, LLC (Companies) have appealed an order of the Court of Common Pleas of Allegheny County (trial court) that imposed a sanction in the form of default judgment in favor of the Commonwealth of Pennsylvania (Commonwealth) when the Companies did not respond to the Commonwealth's discovery requests.  In its PA. R.A.P. 1925(a) opinion, the trial court stated that the Companies waived all the issues raised on appeal because they did not file a post-trial motion.  On appeal, the Companies argue that they were not required to file post-trial motions to preserve the issues raised in this appeal, and the trial court abused its discretion by imposing the sanction of a default judgment without doing the legal analysis required for such a draconian

order.  Moreover, the sanction is disproportionate and excessive when compared to the Companies' purported violation of the discovery rules; exceeds the scope of the relief authorized by the Pennsylvania Rules of Civil Procedure for a discovery violation; exceeds what is authorized by the Unfair Trade Practices and Consumer Protection Law (Consumer Protection Law);[1] and constitutes a taking without compensation under Article I, Section 10 of the Pennsylvania Constitution[2] and the Fifth Amendment to the United States Constitution.[3]  Upon review, we reverse and remand the matter to the trial court for further proceedings.

## Background

On October 10, 2019, the Commonwealth filed a complaint against the Companies and other entities that were not subject to the trial court's sanctions order (collectively, Defendants), alleging violations of the Consumer Protection Law. Specifically, the complaint alleged that Defendants owned approximately 350 homes in 50 counties and lured low-income individuals into "rent to own" leases and land installment contracts for these homes that were deceptive, unfair, and illegal. Reproduced Record at 17a (R.R.___).  The complaint sought declaratory and injunctive relief.

Relevant here are Counts I and IV of the complaint, which sought an order "requiring Defendants to convert any outstanding Agreement for Deed *into a Special Warranty Deed* that is conveyed to the consumer *and a mortgage pursuant*

---

[1] Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§201-1-201-9.3.

[2] PA. CONST. art. I, §10.  It states, in pertinent part, that "nor shall private property be taken or applied to public use, without authority of law and without just compensation being first made or secured." *Id*.

[3] U.S. CONST. amend. V.  It states, in pertinent part, that "nor shall private property be taken for public use, without just compensation." *Id*.

*to which the property is mortgaged to Vision,*[4] *on industry-standard terms and conditions*." R.R. 66a (emphasis added). Counts I and IV also requested Defendants "to pay the Commonwealth's investigative and litigation costs in this matter." R.R. 66a, 70a, 74a, 78a, 82a, 84a, 87a, 90a.

On December 27, 2019, the Commonwealth filed a petition for a preliminary injunction to

> prevent Defendants from dissipating or transferring any equity or assets of the Vision Entity Defendants (pursuant to the Purchase Agreement or otherwise) and from evicting or ejecting Pennsylvania consumers or entering into new lease, rental or Agreement for Deed transactions with Pennsylvania consumers.

R.R. 259a. Before there was a ruling on the preliminary injunction, Vision transferred its assets to FTE Networks, Inc., a Nevada company. On January 7, 2020, the trial court directed that all cash, promissory notes, and other consideration paid by FTE Networks to Vision be placed in a court-supervised, interest-bearing escrow account.

On January 15, 2020, the parties agreed to keep the January 7th order in place and to extend the hearing date on the preliminary injunction to February 19, 2020. R.R. 292a. The January 15, 2020, consent order prohibited Defendants from entering into, or amending, any loan, financing or credit arrangement, lease or installment land contact with any Pennsylvania consumer; or transferring, encumbering, or otherwise disposing of any property in the Commonwealth. It also required Defendants to deposit rent or other payments received from occupants of the Pennsylvania properties into an escrow account.

---

[4] The complaint defined Vision as "Defendants Vision Property Management, LLC, VPM Holdings LLC, their affiliated entities doing business in the Commonwealth of Pennsylvania and listed in the caption above and on Exhibit A hereto[.]" R.R. 17a.

On February 18, 2020, the trial court, with the agreement of the parties, rescheduled the preliminary injunction hearing to September 10, 2020, and continued the injunctive relief set forth in the January 15, 2020, order.

On April 13, 2020, the Commonwealth filed a contempt petition alleging that the Companies had not placed the monies into escrow, as directed in the February 18, 2020, order. Days later, on April 20, 2020, the Commonwealth served its first set of interrogatories and requests for production of documents, with a response due on May 20, 2020. On May 4, 2020, the Companies' counsel petitioned to withdraw their appearance. The trial court granted the petition to withdraw and rescheduled the contempt hearing. The Companies resumed making payments to the escrow account.

In October 2020, the Commonwealth again filed an unopposed motion to further continue the preliminary injunction hearing until after January 31, 2021. By order of October 28, 2020, the trial court granted the motion and continued the injunctive relief set forth in its February 18, 2020, order with agreed-upon changes.

On November 17, 2020, the Commonwealth filed a second contempt petition, alleging that the Companies had again failed to fund the escrow. After a hearing, the trial court ordered the Companies to stop collecting payments "under any contract." R.R. 621a.

On January 4, 2021, the Commonwealth filed a motion to compel responses to its April 2020 discovery requests. After a hearing, on February 1, 2021, the trial court ordered the Companies to respond to the Commonwealth's discovery request "within twenty (20) days of the date of this Order" upon pain of "appropriate sanctions [that] may be imposed by the Court upon said Defendants." R.R. 652a.

4

On February 2, 2021, the Commonwealth filed another unopposed motion to further continue the preliminary injunction hearing until after June 2, 2021. By order dated February 10, 2021, the trial court granted the motion and continued the injunctive relief set forth in its October 28, 2020, order with agreed-upon changes. R.R. 658a-60a. The same day, new counsel entered an appearance on behalf of the Companies. R.R. 656a.

On March 11, 2021, the trial court entered another agreed-to order, finding that the Companies had failed to fund the escrow; encumbered and transferred real property; failed to pay property taxes; and failed to notify the trial court of the tax sales. The order directed the Companies to respond to the Commonwealth's discovery requests by April 15, 2021. The order noted that the parties "stipulate[d] to mediation to facilitate settlement communications" with the objective "to reach a global resolution of the matter," but "[t]here shall be no stay of the litigation during the pendency of the Mediation." R.R. 683a.

**Motion for Sanctions**

On July 27, 2021, the Commonwealth filed a motion for sanctions against the Companies and some other Defendants[5] under PA.R.CIV.P. 4019. The motion asked the trial court to enter a default judgment against the Companies for not responding to discovery requests. The motion alleged that the Companies' failures had rendered the Commonwealth "unable to properly and fully prepare its case for trial or progress with discovery" and is, therefore, "perilous to consumers." R.R. 720a-21a. More specifically, the motion requested that title to all property be

---

[5] Notably, the Commonwealth did not seek to impose sanctions against Archway Community Properties I, LLC; Archway Community Properties II, LLC; Archway Community Properties III, LLC; ACM Vision V, LLC; ACP 1, LLC; ACP 2, LLC; and Archway Community Properties IV, LLC for the stated reason that the attorneys representing these entities "are cooperating with the Commonwealth." R.R. 713a n.1.

conveyed to consumers so that they could pay off property taxes or obtain payment assistance from local and state governments; otherwise, "many of these homes will be irretrievably lost." R.R. 721a. The motion also alleged that the Companies' failure to pay homeowner association fees or to forward water bills to consumers had created "an emergency situation for consumers who are threatened by homeowners' associations with the loss of their homes, loss of gate keys to access their properties, and even loss of trash disposal privileges[.]" R.R. 721a.

With its motion for sanctions, the Commonwealth attached a proposed order that stated, in part, as follows:

> It is hereby ORDERED and DECREED that
>
> (i) all claims in the above captioned action against Defendants are deemed to be established for the purposes of this action in accordance with the Commonwealth's Complaint;
>
> (ii) Defendants are precluded from opposing, and/or introducing any defense to, the claims in Commonwealth's Complaint;
>
> (iii) any and all pleadings filed by the Defendants in this matter are stricken and dismissed;
>
> (iv) Judgment by default is hereby entered against Defendants with respect to all Counts of the Complaint;
>
> (v) all of the homes listed on Exhibit A hereto, all of which are located in Pennsylvania and titled in the name of a Defendant, shall be immediately conveyed by general warranty deed to the consumers who have signed a "lease with option to purchase," "agreement for deed" land installment contracts, or mortgage with respect to such home (collectively, "Consumer Contracts") and are currently occupying, or are the most recent occupant of, such homes, for no further consideration, and all

6

Consumer Contracts associated with such homes will be terminated, deemed satisfied and paid in full, and the consumers who are parties thereto shall have no further obligations thereunder;

(vi) the Commonwealth shall undertake the conveyance contemplated by part (v) above, and shall cause such transfers to be consummated as expeditiously as possible, and Defendants shall cooperate with all such efforts, including, without limitation, execution of all deeds and documents necessary for such conveyance, and all mortgage or other satisfaction documents necessary for such conveyance, and all mortgage or other satisfaction documents necessary to reflect such satisfaction. The Commonwealth may at its discretion utilize funds out of the Escrow (as such term is defined in the January 7 2020 Order of this court) to pay the transfer taxes, recording fees, and deed and transfer tax form preparation fees, associated with the conveyances and satisfactions contemplated by part (v) above on behalf of and as proxy for the record owners thereof, as necessary to cause the deeds to be properly recorded, if Defendants fail to sign any such deeds or documents within 24 hours of being asked by Plaintiff to do so;

(vii) with respect to any homes on Exhibit A that are no longer occupied, the Commonwealth shall make all reasonable efforts to locate the most recent occupants of the homes listed on Exhibit A hereto who were parties to Consumer Contracts with Defendants, and convey title to such homes to the most recent occupants who communicate to the Commonwealth that they wish to own the home in question, and any such conveyances shall be consummated in the same manner as set forth in parts (v) and (vi) above.

(viii) a hearing shall be held on _____ [date] to consider additional general, equitable or further relief that may be requested by the Commonwealth; and

7

(ix) all Injunctive Orders (defined to include the following Orders of this Court: January 7, 2020, January 15, 2020, February 18, 2020, October 28, 2020, and February 11, 2021) and the Court's Order of December 1, 2020, shall continue in full force and effect until otherwise ordered by the Court.

R.R. 733a-735a (emphasis added).

The Companies responded that the Commonwealth's motion for sanctions had been filed in bad faith because the Commonwealth did not meet and confer with the Companies prior to filing its motion; offered no opportunity for the Companies to cure the discovery violations alleged in the motion; and filed the motion with the knowledge that the Companies' counsel was on vacation in another country. The Companies also asserted that the "exigent circumstances" cited in the Commonwealth's motion were "exacerbated by [its] unwillingness to negotiate in good faith" and have been "addressed and remedied" by the Companies. R.R. 756a.

The Companies requested the Commonwealth to withdraw its motion because the Companies responded to the discovery requests on August 4, 2021. Therein, the Companies objected to each discovery request as unduly burdensome; irrelevant; and not reasonably calculated to lead to the discovery of admissible evidence. The Companies further asserted that the documents and information sought were protected from disclosure by the attorney-client privilege and the attorney work product doctrine; not within the Companies' possession or control; or were available to the Commonwealth from other sources.

The trial court scheduled an "argument on the motion for sanctions" for October 19, 2021. R.R. 796a, 800a. At that hearing, the Commonwealth presented testimony from three Pennsylvania consumers, who testified about the unexpected

8

maintenance costs they incurred and the adversities created when the Companies did not pay the real property taxes owed on their homes.

The Companies presented the testimony of Maria Fernandez, in-house counsel for FTE Networks. She testified that FTE Networks responded to some of the Commonwealth's discovery requests "in or around July of 2020." Notes of Testimony, 10/19/2021, at 96 (N.T. __); R.R. 916a. The parties then started "settlement discussions," and there was "an informal agreement" not to compel production of documents during settlement negotiations. N.T. 96; R.R. 916a. She also testified that on February 1, 2021, counsel for the Commonwealth stated that "if settlement discussions warranted, [] the [Commonwealth] would be amenable to further extensions[.]" N.T. 97; R.R. 917a. Shortly thereafter, in March 2021, the parties filed a joint consent motion, which set forth the agreement that the Companies would respond to the Commonwealth's discovery requests by April 15, 2021. Fernandez testified that during "a call [] held in preparation for mediation," counsel for the Commonwealth indicated that there was no urgency to the discovery requests because they "would likely be supplemented." N.T. 97-98; R.R. 917-18a. Fernandez testified that during the course of the mediation, which lasted from May to July 2021, the Companies provided consumer information and tax certifications in response to the Commonwealth's discovery requests. N.T. 99-100; R.R. 919a-20a.

Fernandez further explained the Companies' responses to the discovery requests served on August 4, 2021, as follows:

> I prepared the responses, and so I can assure you that I did not dawdle, but I was trying so quickly after the Commonwealth's motion for sanctions. But I prepared them. There is information there that I have no way of accessing and cannot provide, dating back to 2010 . . . well before our time, meaning my time at FTE.

9

*I don't have access to some of the domains that would enable me to access this information.*

*Other information that was requested, as I mentioned, had been provided* in some manner and capacity to the Commonwealth either through the course of our discussions with them or is available on the public domain.

N.T. 102-03; R.R. 922a-23a (emphasis added).

After the hearing, the Companies filed a supplemental response to the Commonwealth's motion for sanctions, which stated that the Companies had undertaken a further review and believed that they could begin producing responsive documents within 21 days, provide verified responses to the Commonwealth's interrogatories and document requests within 30 days, and complete the requested document production in about 8 weeks.  R.R. 1402a-16a.

## Trial Court's Decision

On  November 8, 2021, the trial court issued an order in the form submitted by the Commonwealth with its motion but amended to delete paragraph (viii).  R.R. 1422a-24a.  Absent from the trial court's "Amended Order" was a finding that the Companies violated the discovery rules.  Further, the "Amended Order" was not supported by an opinion with findings of fact, conclusions of law, or legal analysis.

Likewise, the trial court's PA. R.A.P. 1925(a) opinion[6] has offered no explanation for its order.  Instead, the trial court opined that the Companies were

---

[6] Pennsylvania Rule of Appellate Procedure 1925(a)(1) provides, in pertinent part:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P. 1925(a)(1).

required to file a post-trial motion under PA.R.CIV.P. 227.1(c) and by their failure to do so, they waived all of the issues they raised on appeal. Trial Court 1925(a) Op. at 9-10 (citing *G&G Investors, LLC v. Philips Simmons Real Estate Holdings, LLC*, 183 A.3d 472 (Pa. Super. 2018)). The trial court reasoned that the October 19, 2021, hearing on the Commonwealth's motion for sanctions "amount[ed] to a trial without jury" because the parties "were able to present oral argument[] as well as new evidence and testimony[.]" Trial Court 1925(a) Op. at 6-7. Because the November 8, 2021, order "disposed of all claims in the case," it constituted "a final judgment" for purposes of PA.R.CIV.P 227.1(c). Trial Court 1925(a) Op. at 10.

On November 22, 2021, the Companies filed an application for stay, alleging that the Commonwealth has used the trial court's sanction order to execute and file general warranty deeds in various counties.[7] By opinion and order of December 17, 2021, this Court denied the application for stay.

## Appeal

On appeal,[8] the Companies raise two issues for our review.[9] First, they argue that they were not required to file a post-trial motion to preserve the issues

---

[7] In their brief filed in the instant appeal, the Companies allege that, "[u]pon information and belief," the Commonwealth has "nearly completed deeding the properties listed on Exhibit A to the Sanctions Order." Companies Brief at 37-38 n.7.

[8] "In general, the imposition of sanctions for a party's failure to comply with a trial court's discovery orders is left to the discretion of the trial court as are the sanctions themselves." *Hill v. Kilgallen*, 108 A.3d 934, 941 (Pa. Cmwlth. 2015). "An appellate court will not disturb discovery orders without a "showing of manifest[] unreasonableness, partiality, prejudice, bias, ill will, or such lack of support in the law or record for the [trial court's action] to be clearly erroneous." *Id.* (citations omitted). However, entry of a discovery sanction that terminates the underlying litigation receives stringent appellate review. *Rohm and Haas Company v. Lin*, 992 A.2d 132, 141-42 (Pa. Super. 2010).

[9] The Companies raise five issues, which are: (1) whether the Companies were required to file post-trial motions to preserve the issues raised in this appeal; (2) whether the trial court abused its discretion by imposing the sanction of default judgment without any legal analysis; (3) whether

11

raised in this appeal. Second, they argue that the trial court abused its discretion by imposing the extreme sanction of default judgment without any findings of fact or legal analysis; by imposing a disproportionate and excessive sanction; by ordering a judgment that exceeded the scope of the relief prayed for in the Commonwealth's complaint; by ordering relief not authorized by the Consumer Protection Law; and by effecting a taking without just compensation as required under Article I, Section 10 of the Pennsylvania Constitution and the Fifth Amendment to the United States Constitution.

## I. Need for Post-trial Motions

In their first issue, the Companies argue that they were not required to file post-trial motions under Pennsylvania Rule of Civil Procedure 227.1. The trial court's November 8, 2021, order was in the nature of a contempt order, which is immediately appealable. In that context, post-trial motions are unnecessary and inappropriate. Companies Brief at 21-23 (quoting *Pennsy Supply, Inc. v. Mumma*, 921 A.2d 1184 (Pa. Super. 2007), and *Office of Attorney General, Bureau of Consumer Protection v. Lubisky*, 88 A.3d 328 (Pa. Cmwlth. 2014)). The Companies also argue that no practicing attorney would have reasonably expected post-trial motions to be necessary after a proceeding on a discovery motion. At no time during the sanction hearing did the trial court refer to the proceeding as a "trial;" rather, the

the trial court abused its direction by imposing a sanction that exceeded the scope of the relief prayed for in the Commonwealth's complaint; (4) whether the trial court abused its discretion by imposing a sanction that exceeded what was authorized by the Consumer Protection Law, constituted a taking without compensation under Article I, Section 10 of the Pennsylvania Constitution and the Fifth Amendment to the United States Constitution, and potentially imposed liability on the Companies to defend against all lawful claims of title; and (5) whether the trial court abused its discretion by imposing a sanction that was disproportionate and excessive for a violation of the discovery rules. Companies Brief at 6-8. We combine Issues Nos. 2-5 for our appellate review because all these issues raise the question of whether the trial court abused its discretion by imposing a sanction that is not authorized under the law.

12

scheduling orders referred to the sanction hearing as an "argument." Companies Brief at 26. Tellingly, the trial court denied the Companies' motion to certify the sanction order as final under PA. R.A.P. 341(c).[10]

The Companies further argue that they have an appeal as of right under PA. R.A.P. 311(a)(4) because the November 8, 2021, order granted a mandatory permanent injunction, as acknowledged by the Commonwealth. *See* Commonwealth Brief at 4. *See* PA. R.A.P. 311(a)(4) (interlocutory appeal may be taken as of right from an order "that *grants* or denies, modifies or refuses to modify, *continues* or refuses to continue, or dissolves or refuses to dissolve an injunction[]") (emphasis added).

The Commonwealth offers no counterargument; it acknowledges that the trial court's sanction order is appealable as of right under PA. R.A.P. 311(a)(4). Commonwealth Brief at 4.

We begin our review with PA.R.Civ.P. 227.1, which states, in relevant part, as follows:

> Rule 227.1. Post-Trial Relief
>
> (a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may

---

[10] It provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

PA. R.A.P. 341(c).

13

(1) order a new trial as to all or any of the issues; or

(2) direct the entry of judgment in favor of any party; or

(3) remove a nonsuit; or

(4) affirm, modify or change the decisions; or

(5) enter any other appropriate order.

(b) Except as otherwise provided by Pa. R.E. 103(a), post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method of trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

(c) *Post-trial motions shall be filed within ten days after*

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) *notice of nonsuit or the filing of the decision in the case of a trial without jury.*

PA.R.CIV.P. 227.1 (emphasis added). In short, a party must file post-trial motions at the conclusion of a trial in order to preserve claims that the party wishes to raise on appeal. Issues not raised in a timely post-trial motion will be deemed waived. *Chalkey v. Roush*, 805 A.2d 491, 494 (Pa. 2002). The Supreme Court has held that Rule 227.1 "speaks only to the post-trial scenario, and not to all instances where reconsideration by the trial court might be salutary[.]" *Newman Development Group*

*of Pottstown, LLC v. Genuardi's Family Markets*, *Inc.*, 52 A.3d 1233, 1248 (Pa. 2012) (*Newman*).

Where a proceeding does not amount to a trial, post-trial motions are not necessary to preserve issues for appeal. PA.R.CIV.P. 227.1(c), Official Note ("A *motion for post-trial relief may not be filed to orders disposing of* preliminary objections, motions for judgment on the pleadings or for summary judgment, *motions relating to discovery* or other proceedings which do not constitute a trial.") (emphasis added). The Pennsylvania Rules of Civil Procedure do not define the word "trial." Courts look to the substance of an action, rather than the form of a petitioner's initial pleading, to determine whether an action falls within the scope of Rule 227.1. In that regard, we consider whether (i) the plain language of Rule 227.1 makes clear a post-trial motion is necessary; (ii) case law provides that a post-trial motion is necessary, even if Rule 227.1 is silent on the subject; and (iii) practicing attorneys would reasonably expect a post-trial motion to be necessary. *Newman*, 52 A.3d at 1247-48.

The trial court relied upon *G&G Investors, LLC*, 183 A.3d 472. There, an investor filed a petition under the Abandoned and Blighted Property Conservatorship Act (Act 135)[11] for the appointment of a receiver. The common pleas court held an evidentiary hearing and denied the petition. The investor appealed without first filing a post-trial motion. The Superior Court held that a post-trial motion was necessary, noting that the common pleas court relied upon testimony and documentary evidence in its order. As such, the hearing constituted a trial for purposes of Rule 227.1. The Superior Court observed that "practicing attorneys . . . would reasonably expect" that post-trial motions were necessary. *G&G*

---

[11] Act of November 26, 2008, P.L. 1672, No. 135, 68 P.S. §§1101-1120.

*Investors, LLC*, 183 A.3d at 477. In the absence of a post-trial motion, the investor waived the issues raised on appeal.

In *Wolk v. School District of Lower Merion*, 197 A.3d 730, 740 (Pa. 2018), a group of taxpayers initiated an action against the school district, alleging that the district had misrepresented its finances to the Pennsylvania Department of Education. The taxpayers sought injunctive relief to replace the school board with a trustee and to impose a constructive trust over the school district's surplus funds. The taxpayers then filed a preliminary injunction to enjoin the school district from implementing any tax increase for the 2016-2017 fiscal year. After an evidentiary hearing, the common pleas court granted the preliminary injunction, and the school district appealed. This Court quashed the school district's appeal for the stated reason that the school district failed to file a post-trial motion in accordance with PA.R.CIV.P. 227.1(c)(2). On further appeal, our Supreme Court reversed, holding that the school district's appeal was governed by PA. R.A.P. 311(a)(4), which authorizes an interlocutory appeal of an order granting an injunction. *Wolk*, 197 A.3d at 739. The Supreme Court held that the common pleas court's decision was not a "decision in the case" for purposes of PA.R.CIV.P. 227.1(c)(2) because it did not dispose of all claims for relief; as such, post-trial motions were not required. *Wolk*, 197 A.3d at 740.

Here, the trial court's order of November 8, 2021, is not a final order because it does not dispose of all claims against all parties. Indeed, the order acknowledges that the motion for sanctions was filed against "all Defendants except Archway Community Properties I, LLC, Archway Community Properties II, LLC, Archway Community Properties III, LLC, ACM Vision V, LLC and Archway Community Properties IV, LLC, ACP1, LLC, and ACP 2, LLC . . . ." Trial Court

16

Amended Order, 11/8/2021; R.R. 1422a. Because "the decision in the case" has not yet been issued, the Companies were not required to file a post-trial motion under PA.R.CIV.P. 227.1(c)(2). *Wolk*, 197 A.3d at 740.

Moreover, the trial court's order granted a mandatory injunction and continued prior injunctions against the Companies.[12] As such, it was immediately appealable under PA. R.A.P. 311(a)(4) (an interlocutory appeal may be taken as of right from an order "that *grants* or denies, modifies or refuses to modify, *continues* or refuses to continue, or dissolves or refuses to dissolve *an injunction*") (emphasis added). *See also Wolk*, 197 A.3d at 739.

In short, the trial court erred in concluding that the Companies waived all of the issues raised on appeal by failing to file a post-trial motion. The Companies were not required to do so under PA.R.CIV.P. 227.1(c)(2).

## II. Merits of Discovery Sanctions

In their second issue, the Companies argue that the trial court abused its discretion by imposing a sanction in the form of a default judgment under PA.R.CIV.P. 4019. The trial court did so without any of the analysis that is required in such a case, and it imposed a sanction that was disproportionate and excessive for a violation of the discovery rules. Further, it was invalid because the judgment exceeded the scope of the relief requested in the complaint and was not authorized by the Consumer Protection Law.[13] Finally, the order effected a taking without

---

[12] The Commonwealth acknowledges that the trial court's order constitutes a mandatory injunction and the injunctive relief was immediately effective. Commonwealth Brief at 4.

[13] The Companies argue that the Consumer Protection Law authorizes restitution but not punitive damages. Forcing transfer of real property, regardless of value, constitutes damages. However, only actions instituted by private parties allow seeking damages. *See* Section 9.2 of the Consumer Protection Law, added by the Act of November 24, 1976, P.L. 1166, 73 P.S. §201-9.2.

compensation in violation of Article I, Section 10 of the Pennsylvania Constitution and the Fifth Amendment to the United States Constitution.

The Commonwealth responds that the Companies waived all of these issues because they were not raised at the trial court proceeding on the Commonwealth's motion for sanctions. At no point did the Companies offer an analysis under PA.R.CIV.P. 4019. In the alternative, the Commonwealth argues that the trial court did not abuse its discretion because the Companies "acted in bad faith and willfully violated" multiple orders on the discovery requests and "while [they] did so, [they] continued to exploit the low income Pennsylvania consumers who the Commonwealth brought suit to protect." Commonwealth Brief at 28.

Discovery disputes are governed by the Pennsylvania Rules of Civil Procedure. Rule 4019 states, in pertinent part, as follows:

> (a)(1) The court may, on motion, make an appropriate order if
>
>> (i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;
>>
>> * * * *
>>
>> (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.
>>
>> * * * *
>
> (c) *The court, when acting under subdivision (a) of this rule, may make*
>
>> (3) *an order* striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *entering a judgment of non pros or by default against the disobedient party* or party advising the disobedience;

PA.R.CIV.P. 4019 (emphasis added).

18

The imposition of sanctions for a party's failure to comply with discovery is a matter committed to the court's discretion. *Cove Centre, Inc. v. Westhafer Construction, Inc*., 965 A.2d 259, 261 (Pa. Super. 2009); *Tri-State Asphalt Corporation v. Department of Transportation*, 875 A.2d 1199, 1203 (Pa. Cmwlth. 2005). Nevertheless, the court's discretion is not unfettered. Because "dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a *trial court is required to balance the equities carefully* and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." *Cove Centre, Inc*., 965 A.2d at 261 (citation omitted) (emphasis added). Where a discovery sanction terminates the action, the court must consider and balance the following factors:

> (1)  the nature and severity of the discovery violation;
>
> (2)  the defaulting party's willfulness or bad faith;
>
> (3)  prejudice to the opposing party;
>
> (4)  *the ability to cure the prejudice*; and
>
> (5)  the importance of the precluded evidence in light of the failure to comply.

*Id*. at 262 (emphasis added).

We begin with the Commonwealth's waiver argument. Generally, issues not raised in the trial court are waived and cannot be raised for the first time on appeal. PA. R.A.P. 302. "An 'issue' is a disputed point or question on which parties to an action desire the court to decide." *Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association, Inc*., 509 A.2d 958, 961 (Pa. Cmwlth. 1986).

Here, the issue before the trial court was whether to grant the Commonwealth's motion for sanctions against the Companies for failure to respond

19

to discovery requests. The Companies denied that the circumstances warranted any discovery sanction, asserting, *inter alia*, that they had provided the information sought by the discovery requests as they were able. At the hearing, the Companies explained that some of the "interrogatories [] were objected to for good reason." R.R. 914a. The Companies also presented testimony of Fernandez that many of the documents and information sought by the discovery requests could not be accessed, although the Companies were seeking to address that impediment.

The Companies' Rule 4019 and unconstitutional taking arguments were not raised at the hearing. However, the Companies defended against any sanction, which preserved the issue. The Companies could not challenge the specific sanctions imposed until the trial court actually entered an order. In any case, PA. R.A.P. 302(a) does not require a litigant to make identical arguments at each stage of his case. "The issue must be preserved, but this does not mean every argument is written in stone at the initial stage of litigation." *Wert v. Department of Transportation, Bureau of Driver Licensing*, 821 A.2d 182, 186 n.9 (Pa. Cmwlth. 2003).

We reject the Commonwealth's assertion that the Companies waived their challenge to the sanctions ordered by the trial court. We turn, then, to the merits of the Companies' challenge to the trial court's order.

The trial court's PA. R.A.P. 1925(a) opinion offers no explanation for its sanctions. Where the court imposes the most extreme sanction of terminating litigation, it must "carefully" consider the relevant factors, such as the willfulness of the defaulting party and the prejudice it caused. *Cove Centre, Inc.*, 965 A.2d at 261-62. We cannot discern from the record the trial court's reasons for entering the November 8, 2021, order. Nor does the record establish that the court did the careful

20

balancing required before a court can order the termination of the underlying litigation as a discovery sanction. *Id.*

Generally, where the reasons for a judicial order do not appear in the order itself, the transcript of hearing, or in an opinion filed pursuant to Rule 1925(a), the appellate court will remand the record to the trial court with the direction that an opinion be prepared and entered. *See Commonwealth v. Pate*, 617 A.2d 754, 759 (Pa. Super. 1992). In the case *sub judice*, however, we need not remand the matter for preparation of a new Rule 1925(a) opinion because the trial court's order, on its face, contains several reversible errors.

The trial court did not find that the Companies violated the discovery rules, let alone whether the discovery violation could be cured. *Cove Centre, Inc.*, 965 A.2d at 202. The trial court took the Commonwealth's proposed form of order, crossed out one provision, and signed it. There is nothing wrong with this efficiency. However, that order must have the support of critical findings of fact and conclusions of law. The order *sub judice* does not even reference the hearing; rather, it states that it was based solely "upon consideration of the Commonwealth's Motion for Sanctions." Trial Court Amended Order, 11/8/2021; R.R. 1422a. The trial court did not address the Companies' evidence, *inter alia*, that the Commonwealth sought materials that were privileged or beyond the ability of the Companies to access.

Moreover, the sanction imposed by the trial court exceeds the scope of the relief prayed for in the Commonwealth's complaint. The complaint did not request that the Companies be required to deed over properties to consumers without payment of consideration. To the contrary, the complaint requested "Defendants to convert any outstanding Agreement for Deed *into a Special Warranty Deed* that is conveyed to the consumer *and a mortgage pursuant to which the property is*

21

*mortgaged to Vision*, on industry-standard terms and conditions." Complaint, ¶I; R.R. 66a (emphasis added). By contrast, the November 8, 2021, order directed the Companies to effect a fee simple transfer of the properties "for no further consideration." Trial Court Amended Order, 11/8/2021, ¶(v); R.R. 1423a. Pennsylvania Rule of Civil Procedure 4019 authorizes a discovery sanction in the form of a default judgment, but it does not authorize the court to fashion a judgment beyond that which has been prayed for in the complaint.

A default judgment must conform to the pleadings, and a party is precluded from obtaining any relief not demanded in the pleading. In *Edison General Electric Co. v. Thackara Manufacturing Co.*, 31 A. 856 (Pa. 1895), our Supreme Court set aside a default judgment for want of a sufficient affidavit of defense because the damages were irreconcilable with the averments in the pleading. In a default judgment, a party is not entitled to relief outside the original complaint. *City of Joliet v. Szayna*, 66 N.E. 3d 875 (Ill. App. Ct. 2016). A default judgment can grant only the relief prayed for in the petition. *Rountree v. Forsythe Holdings, Inc.*, 144 So.3d 1126 (La. Ct. App. 2014). *See also* AMERICAN JURISPRUDENCE, SECOND EDITION, *Limitation to kind or amount of relief demanded in default proceedings*, 46 Am. Jur. 2d Judgments §286 (updated February 2023).

In *McGovern v. Hospital Service Association of Northeastern Pennsylvania*, 785 A.2d 1012 (Pa. Super. 2001), the common pleas court granted a motion to compel disclosure of privileged materials against a party that was 14 days late in filing its objections to interrogatories. The Superior Court noted that it was unable to discern the common pleas court's reasons for granting the motion in the absence of an opinion. Nevertheless, the Superior Court did not remand but, rather, reversed for the stated reason that an order compelling disclosure of matters

22

protected by the attorney-client privilege was error. *Id.* at 1019. Likewise, here, the trial court's error in ordering relief not requested in the complaint requires a reversal, not a remand.

The Commonwealth defends the trial court's mandatory injunction as appropriate to prevent harm to the consumers. This argument relates to the merits of the underlying complaint, not the merits of the motion for sanctions, *i.e.*, whether the Companies' alleged discovery violation prejudiced the Commonwealth's ability to make its case. Absent from the trial court's order is a finding that the Companies, in fact, committed a discovery violation, let alone one so egregious that the underlying litigation should be terminated. Notably, the trial court scheduled an "argument" on a motion for sanctions, not a hearing on a request for a permanent mandatory injunction against the Companies. R.R. 796a, 800a. It goes without saying that such relief requires notice and an opportunity to be heard.

By ordering an injunction against the Companies that went beyond what was requested in the Commonwealth's complaint, the trial court exceeded the bounds of Pennsylvania Rule of Civil Procedure 4019 and committed reversible error. Accordingly, a reversal is necessary.

**Conclusion**

For all of the foregoing reasons, we hold that the Companies were not required to file post-trial motions to preserve the issues raised on appeal, as the trial court erroneously concluded in its PA. R.A.P. 1925(a) opinion. We further hold that the trial court erred in ordering a sanction that exceeded the scope of the relief prayed for in the Commonwealth's complaint. The Commonwealth's pleading requested a conversion of the consumer agreements into special warranty deeds mortgaged by the consumer on industry-standard terms. Complaint, ¶I; R.R. 66a. The trial court

23

went one step further and ordered a fee simple transfer "for no further consideration." Trial Court Amended Order, 11/8/2021, ¶(v); R.R. 1423a. However, the maximum sanction for a discovery violation under Pennsylvania Rule of Civil Procedure 4019 is a default judgment. The trial court lacked authority to craft a different judgment in the context of a discovery motion for sanctions.

For these reasons, we reverse the trial court's order of November 8, 2021, and remand the matter for further proceedings.[14]

_____
MARY HANNAH LEAVITT, President Judge Emerita

Judge McCullough concurs in the result only.

---

[14] Because we reverse the trial court's grant of a discovery sanction in the form of a mandatory injunction that exceeds the scope of a default judgment, we need not address the Companies' remaining issues including whether the sanction imposed is disproportionate and excessive for a violation of the discovery rules; whether the sanction exceeds what is authorized by the Consumer Protection Law; and whether the sanction constitutes a taking without compensation under Article I, Section 10 of the Pennsylvania Constitution and the Fifth Amendment to the United States Constitution.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania by
Attorney General Josh Shapiro

           v.

Vision Property Management, LLC,
VPM Holdings, LLC, Alex
Szkaradek, Antoni Szkaradek, ACM
Vision V, LLC, ACP 1, LLC, ACP 3,
LLC, Alan Investments III, LLC,
ALCA, LLC, Archway Community
Properties I, LLC, Archway
Community Properties, II, LLC,
Archway Community Properties,
III, LLC, Archway Community
Properties, IV, LLC, Avalanche
Holdings Company, LLC, AXIS,
LLC, BAT Holdings Eight, LLC,
BAT Holdings One, LLC, BAT
Holdings, LLC, BAT Holdings Two,
LLC, BAT Holdings Six, LLC, BAT
Holdings Nine, LLC, BAT Holdings,
Eight, LLC, Boom SC, LLC, DS
NEW, LLC, DSV SPV I, DSV SPV
2, DSV SPV3, Jolek, LLC, Kaja
Holdings 2, LLC, Kaja Holdings,
LLC M16S, LP, M17S, LP, Mon
Haven 14, LP, National Housing
Partners, LLC, Newbridge Capital
Funding, LLC, One Pine VIII, LLC,
PF I, LLC, PA SEVEN, LLC, Panda,
LLC, Pansy, LLC, PENNA, LLC,
REO, Rancho, LP, RV Holdings
Seven, LLC, RV Holdings Four,
LLC, RV Holdings, Three, LLC, RV
Holdings Eleven LLC, RVFM I,
LLC, RVFM II Series, LLC, RVFM
12, LLC, RVFM 13 Series, LLC,
RVFM 2, LLC, RVFM 3, LLC,
RVFM 4 Series, LLC, RVFM 5,
LLC, RVFM 6, LLC, RVFM 8,

:         No. 1330 C.D. 2021

LLC, SP 1, LLC, VPM Realty, LLC     :
                                    :
Appeal of: Alan Investments III,    :
LLC, ALCA, LLC, Boom SC, LLC,       :
DSV SPV 1, LLC, DSV SPV 2, LLC,     :
DSV SPV 3, LLC, Kaja Holdings,      :
LLC, Kaja Holdings 2, LLC, PA       :
Seven, LLC, Penna LLC, RV           :
Holdings Two, LLC, RVFM 11          :
Series, LLC, RVFM 13 Series, LLC    :
and RVFM 4 Series, LLC              :

# **O R D E R**

AND NOW, this 11th day of April, 2023, the order of the Court of Common Pleas of Allegheny County, dated November 8, 2021, in the above-captioned matter, is REVERSED. This matter is REMANDED to the trial court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita